FORET, Judge.
This appeal is from a judgment of the trial court sustaining the defendants’ exception of prescription and dismissing plaintiffs’ suit. We affirm the judgment of the trial court.
Plaintiff, Kathleen B. Lafleur, sustained an injury in Opelousas, Louisiana, on March 12, 1983. Suit was filed against the defendants on March 13,1984. Defendants filed an exception of prescription, stating that plaintiffs’ suit had not been timely filed because the one-year prescriptive period expired on March 12, 1984.
Article 5059 of the Code of Civil Procedure governs the computation of time for purposes of prescription or for time limits *134 established in our system of judicial process. The article reads as follows:
“Art. 5059. Computation of time
In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
A half-holiday is considered as a legal holiday. A legal holiday is to be included in the computation of a period of time allowed or prescribed, except when:
(1) It is expressly excluded;
(2) It would otherwise be the last day of the period; or
(3) The period is less than seven days.”
Plaintiffs’ prescriptive period, under this article, began to toll on March 13,1983, and the last day of that period would have been March 12,1984, unless that day was a legal holiday. R.S. 1:55 lists those holidays sanctioned by our legislature and which are considered legal holidays. R.S. 1:55E(1) lists certain holidays upon which clerks of the district courts shall close their offices:
“E. (1) Each clerk of a district court, parish court, and city court shall close his office on the following days: New Year’s Day, January 1; Washington’s Birthday, the third Monday in February; Good Friday; Memorial Day, the last Monday in May; Fourth of July; Labor Day, the first Monday in September; All Saints’ Day, November 1; Veterans’ Day, November 11; Thanksgiving Day and the following day, the fourth Thursday and Friday in November; and Christmas Day.

(3) Only the enumerated holidays in Paragraph (1) of this Subsection, days of closure under Paragraph (2) of this Subsection, and all Saturdays and Sundays, shall be considered as legal holidays for the purposes of Article 5059 of the Louisiana Code of Civil Procedure.”
R.S. 1:55E(3) states that the above holidays, plus certain discretionary days of closure (not relevant to this case), and all Saturdays and Sundays, shall be considered as legal holidays for the purposes of computing time in accordance with C.C.P. Art. 5059. Therefore, in order for the last day of the plaintiffs’ prescriptive period to be extended to March 13, 1984, it would have been necessary for March 12, 1984 to have been one of the above listed holidays. March 12, 1984 was clearly not one of the holidays which would be considered when applying C.C.P. Art. 5059.
Plaintiffs contend that C.C.P. Art. 5059 is not controlling in this instance, rather that C.C. Art. 3454 governs the computation of this one-year prescriptive period. C.C. Art. 3454 states:
“Art. 3454. In computing a prescriptive period, the day that marks the commencement of prescription is not counted. Prescription accrues upon the expiration of the last day of the prescriptive period, and if that day is a legal holiday, prescription accrues upon the expiration of the next day that is not a legal holiday.”
The method of computation in C.C. Art. 3454 is the same as that in C.C.P. Art. 5059. The important difference in the application of these two articles, as the plaintiffs argue, is that there is no reference in R.S. 1:55 to C.C. Art. 3454. Therefore, plaintiffs believe that there are no restrictions as to which legal holidays will be used when determining whether the last day of the prescriptive period falls on a legal holiday. Conveniently, March 12, 1984, was the very day that Edwin Edwards was sworn in as Governor of our State. This then is the essence of the plaintiffs’ argument. Because Inauguration Day in the city of Baton Rouge is included in R.S. 1:55(A) and C.C. Art. 3454 is not restricted by that statute, as C.C.P. Art. 5059 is, then March 12, 1984 was a legal holiday and the *135 plaintiffs’ prescriptive period did not accrue until March 13, 1984 [1]
We disagree with plaintiffs’ contention for two reasons, namely that, (1) C.C. Art. 3454 was not intended to change the law governing computation of time and, (2) Inauguration Day in the city of Baton Rouge was not intended to be a statewide holiday. Our review of these statutes leads us to the conclusion that C.C. Art. 3454 was not intended to alter the applicability of C.C. Art. 5059 to the computation of all time periods allowed or prescribed by law or by court order. The Official Comment under C.C. Art. 3454, which was enacted in 1982, is that the article was not intended to change the law. Prior to the enactment of C.C. Art. 3454, C.C.P. Art. 5059 governed the computation of time; therefore, we believe it still governs the computation of time. Because we believe that Inauguration Day in the city of Baton Rouge was not intended to be a statewide holiday, an action filed in St. Landry Parish would not be affected by a holiday in the city of Baton Rouge. For these reasons, we conclude that plaintiffs’ suit was not timely filed in accordance with the law governing computation of time.
Accordingly, the judgment of the trial court sustaining the defendants’ exception of prescription and dismissing defendants’ suit is affirmed. All costs are to be borne by the appellants.
AFFIRMED.

. "A. The following shall be days of public rest and legal holidays and half-holidays
(1) The following shall be days of public rest and legal holidays; Sundays, January 1, New Year’s Day; January 8, Battle of New Orleans; January 15, Dr. Martin Luther King, Jr.’s Birthday; January 19, Robert E. Lee Day; third Monday in February, Washington’s Birthday; Good Friday; the last Monday in May, National Memorial Day; June 3, Confederate Memorial Day; July 4, Independence Day; August 30, Huey P. Long Day; the first Monday in September, Labor Day; the second Monday in October, Christopher Columbus Day; November 1, AH Saints’ Day; November 11, Veterans’ Day; the fourth Thursday in November, Thanksgiving Day; December 25, Christmas Day; Inauguration Day in the city of Baton Rouge; ...”