498 So.2d 1137 (1986)
Albert J. DELAHOUSSAYE, Plaintiff-Appellant,
v.
Onesta J. THIBODEAUX & the Hartford Accident & Indemnity Company, Defendants-Appellees.
No. 86-70.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1986.
Writ Denied February 6, 1987.
*1138 Edward J. Milligan, Jr., Lafayette, for plaintiff-appellant.
Jeansonne & Briney (Katherine M. Loos, J. Barry Mouton, Lafayette, for defendants-appellees.
Before LABORDE, KNOLL and KING, JJ.
KNOLL, Judge.
Albert J. Delahoussaye appeals from a judgment dismissing his tort suit against Onesta J. Thibodeaux and her insurer, The Hartford Accident & Indemnity Company, on a peremptory exception of prescription. The trial court ruled that a law suit filed on February 22, 1985, was untimely for injuries received from a vehicular collision on February 21, 1984. Delahoussaye argues that the trial court erred: (1) in sustaining the peremptory exception; and (2) in dismissing Delahoussaye's claim without allowing him time to file a supplemental and amending pleading to establish an interruption or suspension of prescription.
LSA-C.C. Art. 3492 provides that the prescriptive period of one year applicable to delictual actions commences to run from the day injury or damage is sustained. Additionally, LSA-C.C. Art. 3456 further provides that if a prescriptive period consists of one or more years, prescription accrues upon the expiration of the day of the last year that corresponds with the date of the commencement of prescription. Accordingly, in the absence of an interruption or suspension of prescription, prescription ran in the case sub judice on February 21, 1985. See Scales v. State, 411 So.2d 658 (La.App. 4th Cir.1982); Mangin v. Auter, 360 So.2d 577 (La.App. 4th Cir.1978).
Delahoussaye's reliance on LSA-C.C.P. Art. 5059, a general statement on the computation of prescriptive periods, is misplaced. A statute which specifically covers a particular subject takes precedence over a general law. Esteve v. Allstate Ins. Co., 351 So.2d 117 (La.1977). Applying this principle to the present case, it is clear that LSA-C.C. Arts. 3492 and 3456 prevail over LSA-C.C.P. Art. 5059.
Therefore on the face of the petition, Delahoussaye's claim prescribed on February 21, 1985, and the trial court properly sustained the exception.
Delahoussaye's second contention is that pursuant to LSA-C.C.P. Art. 934 it is mandatory that he should have been granted leave to amend his petition when a peremptory exception may be removed by such amendment. This argument, raised for the first time in brief, is an allegation that Delahoussaye should have been allowed an opportunity to amend to interject either an interruption or suspension of prescription. Defendants, relying on Comardelle v. Jeandron Chevrolet, Inc., 449 So.2d 601 (La.App. 1st Cir.1984), writ denied, 456 So.2d 1015 (La.1984), argue that a remand would be improper because Delahoussaye submitted no evidence at the hearing of the exception to substantiate any interruption or suspension of prescription.
Despite Comardelle, there are numerous appellate cases which have remanded with leave to amend after the trial court properly sustained exceptions of prescription even *1139 though it was not indicated to the trial court that an amendment would cure the defect. Smith v. Cupples Real Estate, Inc., 412 So.2d 682 (La.App. 2nd Cir.1982); Smith v. Bickley, 348 So.2d 757 (La.App. 1st Cir.1977).
Recently, in Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985), the Supreme Court granted the relator an opportunity to amend to state a cause of action on assertions raised for the first time in his writ application. Specifically, the court stated:
"In any event, plaintiff's application to this court at least establishes his entitlement to an opportunity to amend his petition to allege the facts asserted in his certiorari application. When the grounds of an objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment. La.C. C.P. Art. 934. Plaintiff is therefore entitled to an opportunity under the mandatory terms of the Code to attempt to remove the grounds for the objection by amending his petition, before his action can be dismissed with prejudice and without an opportunity to go to trial."

Accordingly, we find the reasoning of Robinson applicable to the present case, and remand this case to the trial court to permit Delahoussaye an opportunity to amend his petition.
For the foregoing reasons, the judgment of the trial court is affirmed and amended to allow Delahoussaye to amend his petition and attempt to remove the grounds on which the peremptory exception was granted, if he can, within 15 days from the date this judgment becomes final. This case is remanded to the district court for further proceedings according to law and consistent with the views expressed in this opinion. Costs of this appeal are assessed one-half to Albert J. Delahoussaye, and one-half to Onesta J. Thibodeaux and the Hartford Accident & Indemnity Company.
AMENDED AND REMANDED.