Dear Mr. Rattler:
This letter is issued in response to your request for an opinion clarifying the effect of Act 1044 of the 1992 Regular Session with respect to the Minimum Foundation Program ("MFP"). In your letter of request you asked this office to address the following questions:
 (1) Does the approval of the MFP formula by the Legislature suspend or modify existing statutory language as to appropriations through the MFP, as declared in Opinion Number 88-78?
 (2) Are the local school boards required to provide to the SEGBP the information (detailed premium, benefit, etc.) necessary for the certifications to be made?
 (3) Is the SEGBP obligated to make the certifications required by Act 1044 to the State Treasurer?
 (4) If the SEGBP is required to make the certifications to the State Treasurer required by Act 1044, is the State Treasurer bound by Act 1044 to pay school systems only the amount certified to that office by the SEGBP? If so, how does the State Treasurer determine what amount the State of Louisiana has already paid to school systems for insurance premiums?
 (5) Due to the fact that the funding for insurance premiums is appropriated to the Department of Education and not the Department of the Treasury, is the Department of the Treasury authorized to draw warrants and pay expenditures against the Department of Education's appropriation?
Your queries will be addressed, as fully as possible, in the order in which they appear above.
 I.
Your first question addresses the nature of the Legislature's approval of the MFP formula and the effect of this approval, expressed in concurrent resolution, on existing statutory language dealing with MFP appropriations. Specifically, your concern centers around Act 1044 and Senate Concurrent Resolution No. 223 both of the 1992 Regular Session. Concurrent Resolution 223 provides for legislative approval of the MFP formula of elementary and secondary cost distribution for the 1992-93 school year.
Act 1044 provides for the amendment and reenactment of LSA-R.S. Title 42, Sections 821 and 851. These statutes are worded similarly, they authorize school boards to enter into self-funded or private carrier contracts for the furnishing of employee group benefits programs. LSA-R.S. 42:821 and LSA-R.S.42:851, further, provide a mechanism for these school boards to be reimbursed by the state for those funds which are expended toward self-funded or private benefits programs. This procedural mechanism is detailed in Subsections 821(A)(1)(b) and 851(A)(1)(b), they both provide, as amended by Act 1044, that:
 Each such private contract or self-funded program, the premiums of which are paid in whole or in part with state funds, shall be approved by the Board of Trustees of the State Employees Group Benefits Program; except that any city or parish school board may enter into such private contract or self-funded program without approval and, if one does so, the State Employees Group Benefits Program shall certify the school board's employee eligibility information to the state treasurer each month. The employee or retiree eligibility provided in such private contract or self-funded program must be identical to the eligibility provided in the State Employees Group Benefit Program. Such monthly certification shall include a determination of the amount of premium which the state may pay to each school board for each employee and the total to be paid to each school board; however, the state shall not reimburse to the school board an amount in excess of the amount paid to the State Employees Group Benefits Program. The state treasurer is hereby authorized to pay the respective school boards, each month upon submission of a warrant to the state treasurer, the amounts as certified by the State Employees Group Benefits Program. (emphasis added).
Act 1044 amends LSA-R.S. 42:821(A)(1)(b) and LSA-R.S.42:851(A)(1)(b) to provide for certification by the SEGBP, which was previously provided for by the Department of Education. Further, Act 1044 provides for monthly certification and monthly payment of reimbursement amounts by the State Treasurer upon receipt of certification.
The Department of Education is the recipient of the MFP appropriation in a lump sum. The Department is then mandated by statute to "transmit" the appropriate funds, as determined by the formula, to each parish and city school board. See LSA-R.S.17:25.1(B)(1). Furthermore, in previous years the premium reimbursement for school boards was a line item in the MFP appropriation. In the new MFP formula these payments are only part of the lump sum MFP appropriation, i.e. the premium reimbursement amount is not designated as such and, thus, is simply part of the lump sum MFP payment to school boards.
In contrast, LSA-R.S. 42:821 and LSA-R.S. 42:851 provide for the State Treasurer to pay those school boards on a monthly basis their premium reimbursement amounts from the MFP appropriation after certification by the SEGBP of the exact amounts to be paid. The meshing of Act 1044 and concurrent Resolution 223 creates what appears to be an inconsistency: the Department of Education is statutorily vested with the authority to transmit the amount payable to each school board from the MFP appropriation, however, the provisions of Act 1044 mandate the State Treasurer to reimburse school boards for premium amounts which are part of the MFP formula.
It is the opinion of this office that these two provisions do not conflict and, therefore, there is no need to address whether Senate Concurrent Resolution 223 "suspends or modifies" Act 1044.
A statute which distinctly covers a particular subject takes precedence over general law. Delahoussaye v. Thibodeaux,498 So.2d 1137 (La.App. 3 Cir. 1986). Also, when two statutes appear applicable to the same subject, the statute that is more specifically directed to the matter at issue must prevail. Cooley v. Allstate Ins. Co., 443 So.2d 739 (La.App. 4 Cir. 1984). Senate Concurrent Resolution 223 is a general law evidencing the Legislature's approval of the MFP formula as it is proposed by the State Board of Elementary and Secondary Education. Act 1044, on the other hand, is a more specific statute providing for payment to local school boards of specific funds, namely, insurance premium reimbursements to be taken from the MFP appropriation.
In interpreting legislation it is presumed that the legislature enacts each statute with deliberation and with full knowledge of all existing laws on the same subject. Hayden v. Richland Parish School Board, 554 So.2d 164 (La.App. 2 Cir. 1989). Thus, we must presume that the Legislature in enacting these two provisions in the same legislative session intended for them both to apply, Act 1044 having a more specific application with regard to the general, lump sum MFP appropriation.
Lastly, it is the opinion of this office that it was the Legislature's intent in enacting Act 1044 to provide for accountability in the spending of state funds. See Attorney General Opinion No. 92-661. This is accomplished through the specific provision of Act 1044 which mandates monthly certification by the SEGBP to the State Treasurer of each school board's employee eligibility information. The State Treasurer then shall pay only that amount certified by the SEGBP. Clearly, this was intended by the Legislature to be a check on the spending of state funds and, thus, should be interpreted so as to have that effect and not to be interpreted as suspending or modifying a contemporaneously adopted legislative instrument.
 II.
In response to your second query, yes, local school boards are required to provide the information necessary to the SEGBP in order for the statutorily mandated certifications to be made by the SEGBP to the State Treasurer. This question was addressed by this office in Attorney General's Opinion No. 92-661. In that opinion we stated that by accepting state funds each school board was also accepting the responsibility to comply with any reporting requirements provided for by law. This reporting requirement is inherent in the enactment of Act 1044, as the statute is aimed at accounting for state spending. Further, it is necessary that each school board submit the information needed in order for the SEGBP to make its certifications to the State Treasurer and, hence, meet its statutory mandate.
 III.
The SEGBP is obligated to fulfill its duty under Act 1044 of making monthly certifications to the State Treasurer as to each school board's employee eligibility. The certification must include: the amount of premium which the state may pay to each school board for each employee and the total to be paid to each school board. LSA-R.S. 42:821(A)(1)(b) and LSA-R.S.42:851(A)(1)(b) (emphasis added). These statutory requirements must be followed in order for the State Treasurer to pay the respective school boards the correct amount.
 IV.
Clearly, according to Act 1044 the State Treasurer is authorized to pay only those amounts certified by the SEGBP. The answer to the second part of your fourth query however is, no, the State Treasurer does not determine the amount which is to be paid to each school board for insurance premiums. This function is one of the SEGBP. Again, this is part of the accountability which is built into Act 1044's procedure which requires certification by the SEGBP and payment of that amount by the State Treasurer.
 V.
In answer to your last question, it is the opinion of this office that the Department of the Treasury is authorized to draw warrants and pay expenditures against the Department of Education's MFP appropriation. This is necessary in order to carry out the mandate of Act 1044 and is in following with the legislative intent behind the statute.
In summary, Act 1044 of the 1992 Regular Session is a specific statute which should be read together with Senate Concurrent Resolution 223 which is a general provision authorizing the MFP formula for 1992-93. In accordance with Act 1044, and in order to carry out the purposes of providing for accountability of state spending, it is necessary for local school boards to provide all necessary information to the SEGBP. The SEGBP in turn is mandated by Act 1044 to certify to the Department of the Treasury the amount in premium reimbursement which must be paid to each school board. The Department of the Treasury is then authorized to draw warrants against the Department of Education's MFP appropriation in order to pay those amounts which were certified as payable to each school board.
I trust that this sufficiently answers your questions. If you require any further information, please feel free to contact this office again.
Yours very truly
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0215p