660 So.2d 897 (1995)
Harold ELLOIE
v.
Earl ANTHONY and ABC Insurance Company and John Doe and Def Insurance Company.
No. 95-CA-0238.
Court of Appeal of Louisiana, Fourth Circuit.
August 23, 1995.
Writ Denied November 27, 1995.
*898 Charles L. Elloie, New Orleans, for plaintiff-appellant.
Abbott, Simses, Album, Knister & Baynham, Jerald L. Album, Charles V. Giordano, New Orleans, for defendants-appellees.
Before BARRY, LOBRANO and PLOTKIN, JJ.
BARRY, Judge.
Harold Elloie appeals the dismissal of his tort action based on prescription. We affirm.
Elloie filed this personal injury suit on March 2, 1993 and alleged that he was injured on March 1, 1992 when he fell on an uneven sidewalk in front of the defendant Earl Anthony's home. He alleged Anthony negligently maintained the sidewalk. The trial court sustained Anthony's peremptory exception of prescription. Elloie appeals and asserts that the trial court improperly computed the prescriptive period. Anthony answers the appeal and claims damages, attorney fees and costs for a frivolous appeal.

Prescription
La.C.C. art. 3492 establishes a one year prescriptive period for a delictual action:
Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained....
Additionally, La.C.C. art. 3456 sets forth the method to compute time by the year:
If a prescriptive period consists of one or more years, prescription accrues upon the expiration of the day of the last year that corresponds with the date of the commencement of prescription.
Article 3456 applies to both liberative and acquisitive prescription. La.C.C. art. 3456, comment (b).
The day that corresponds with the date of the commencement of prescription and the date Elloie's claim prescribed is March 1, 1993. Warren v. Hart, 545 So.2d 687 (La. App. 5th Cir.1989); Delahoussaye v. Thibodeaux, 498 So.2d 1137, 1138 (La.App. 3d Cir.1986), writ den. 501 So.2d 236 (La.1987). Delahoussaye held that plaintiff's suit for injuries sustained in a February 21, 1984 vehicular collision prescribed February 21, 1985. Warren affirmed the dismissal of a suit filed on May 11, 1988 for injuries sustained on May 10, 1987.
Elloie argues that La.C.C.P. art. 5059 is controlling and extends the accrual of prescription to March 2, 1993. Article 5059 provides that in computing a period of time allowed or prescribed by law or by order of court, the date of the act, event or default after which the period begins to run is not to be included.
That argument was rejected in Delahoussaye, supra, which held that La.C.C. arts. 3492 and 3456 specifically address the prescriptive period applicable to delictual actions and take precedence over the more general La.C.C. art. 5059. We agree with that conclusion.
Guillory v. Department of Transportation and Development, 450 So.2d 1305 (La.1984), cited by Elloie, is distinguishable because *899 Guillory involved computation of a thirty day appeal delay from a decision of the Civil Service Commission, not a one year prescriptive period for a delictual action.

Frivolous Appeal
We deny Anthony's request for damages, attorney fees and costs for a frivolous appeal. La.C.C.P. art. 2164, which allows damages for a frivolous appeal, is penal and must be strictly construed. Dear v. Mabile, 93-1188 (La.App. 1 Cir. 5/20/94), 637 So.2d 745, 748. Damages for frivolous appeal are not awarded unless it is clear the appeal was solely for delay or that the appellant is not serious in his position. Id. Although Elloie's argument has no merit, it appears he sincerely advocates his position and did not file this appeal for delay.
We affirm the dismissal of plaintiff's suit.
AFFIRMED.