JiDUFRESNE, Judge.
The plaintiff, Merlin J. Pelts, appeals from a trial court judgment rejecting his claim for damages against the defendants, Leo C. Clel-land, Jr. and his insurer, Liberty Mutual Insurance Company. For the reasons set forth herein, we affirm the trial court judgment.
This case involves a vehicular collision which occurred in Metairie at the intersection of North Causeway Boulevard and 49th Street on Sunday, September 23, 1990, at approximately 4:00 p.m. The collision occurred between a vehicle driven by the plaintiff, Merlin Pelts, and a van driven by the defendant, Leo Clelland. As a result of injuries received in the accident, Mr. Pelts filed suit against Mr. Clelland, the driver of the van, Mrs. Clelland,[1] the owner of the van and a passenger therein at the time of the accident, and their insurer, Liberty Mutual Insurance Company. In the petition for damages, Mr. |2Pelts alleged that the sole and proximate cause of the accident was the neglect and inattention of Mr. Clelland insofar as he failed to maintain a proper lookout; traveled too fast; failed to yield right of way that had been preempted by the plaintiff; and failed to act as a reasonably prudent person would under same or similar circumstances.
The matter proceeded to a judge trial on January 21, 1997. After considering the testimony of the witnesses and the arguments of counsel, the trial judge, on February 7, 1997, rendered judgment in favor of the defendants, Leo Clelland and Liberty Mutual Insurance Company, and against the plaintiff, Merlin J. Pelts, dismissing his demands. From this judgment, the plaintiff now appeals, focusing his arguments on the credibil *1074 ity determinations by the trial judge. Mr. Pelts specifically complains about the trial judge’s reliance on the testimony of the accident expert who, according to the plaintiff, devised a hypothetical theory as to how the accident occurred. In relation to this, the plaintiff argues that the trial judge is the trier of fact, not theory, and therefore, the trial judge erred in basing his judgment on the expert’s theory as to how the accident occurred. In the alternative, the plaintiff asserts that even if this court accepts the decision of the trial court, it should apply the law of comparative fault and assess the percentage of fault against either or both parties.
In Rosell v. ESCO, 549 So.2d 840, 844-845 (La.1989), the Louisiana Supreme Court stated:
It is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” |3or unless it is “clearly wrong,” and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable [citations omitted]. The appellate review of fact is not completed by reading only so much of the record as will reveal a reasonable factual basis for the finding in the trial court, but if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong [citations omitted]. In applying the manifestly erroneous — clearly wrong standard to the findings below, appellate courts must constantly have in mind that their initial review function is not to decide factual issues de novo [footnote and citations omitted].
When findings are based on determinations regarding the credibility of witnesses, the manifest error — clearly wrong standard demands great deference to the trier of fact’s findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said [citations omitted].
Applying these precepts to the case at bar, we conclude that the trial judge was not manifestly erroneous or clearly wrong in finding the evidence to be in favor of the defendants and in dismissing the plaintiffs demands.
At trial, Mr. Pelts testified that he was driving his vehicle on the east side service road of North Causeway Boulevard. When he reached 49th Street, he stopped at a stop sign, executed a left hand turn, and then approached a yield sign located on the shoulder of 14Causeway Boulevard. According to Mr. Pelts, he stopped at the yield sign to let an approaching car pass, and observing no other traffic coming, he started to cross 49th Street to get to the west side service road of North Causeway Boulevard. When he got to the second lane, Mr. Pelts observed that the traffic was building up from the opposite direction and stopped his vehicle in the median, apparently with part of his vehicle still in the travel lane. While stopped, Mr. Pelts looked to the south and saw a van approximately two blocks away coming from West Metairie onto North Causeway Boulevard. When Mr. Pelts saw the van traveling fairly fast, he held on to his steering wheel, and very shortly thereafter, the van, driven by Leo Clelland, collided with his car. According to Mr. Pelts, he had been stopped in the median for about fifteen to eighteen seconds before the impact.
In contrast to the plaintiffs testimony, Mr. Clelland, the driver of the van, testified that on the day of the accident, he had turned from a red light at West Metairie onto North Causeway Boulevard at a rate of ten to fifteen miles per hour. When Mr. Clelland first saw the plaintiffs car, about thirty to forty feet before they collided, Mr. Pelts had already come across the outside lane and was entering the inside lane of North Causeway Boulevard. Realizing that they were going to collide, Mr. Clelland, who by this time was *1075 traveling at about twenty-five to thirty miles per hour, applied his brakes. According to Mr. Clelland, at the time of the collision, Mr. Pelts’ car was still moving across the intersection and was about three quarters of the way in the inside lane.
IgCorroborating her husband’s version of events, Mrs. Clelland, a passenger in the van at the time of the accident, testified that when she first saw Mr. Pelts, he was on the side, about thirty feet away, pulling into Causeway Boulevard. Mrs. Clelland’s testimony reflected that Mr. Pelts pulled out in front of them and that Mr. Pelts’ vehicle was moving at the time of the collision.
In addition to the testimony of the individuals involved in the accident, Mr. Alfred Gonzales testified at trial as an expert in the field of accident analysis and reconstruction. In connection with this case, Mr. Gonzales reviewed the accident report, the depositions of the two drivers and some photographs of the vehicles. He additionally visited the scene of the accident where he took measurements of the roadway, the median, and other distances pertinent to his investigation, which enabled him to create a scale diagram on a computer. With the information and estimates known to him, Mr. Gonzales then attempted to arrive at a scenario that would most likely fit the evidence that was available. His analysis led him to conclude that it was a relatively minor accident and a relatively low speed impact. He further testified that the evidence confirmed that Mr. Pelts’ vehicle was moving at the time of the collision, since the damage showed movement running down the side of the car. Also, the fact that Mr. Pelts’ vehicle traveled in a northwest direction after impact combined with the fact that the vehicles did not stick together, supported his conclusion that Mr. Pelts’ vehicle was moving at the time of the collision.
| fiDeputy Brady Buckley, after refreshing his memory with the accident report, testified that the driver of vehicle one (Mr. Clel-land) advised him that he was proceeding southbound on North Causeway, when vehicle two pulled into his path, and while he attempted to avoid the accident he was unable to, and struck vehicle two. Deputy Buckley also testified that the driver of vehicle two (Mr. Pelts) advised him that he was stopped at the stop sign at 49th Street and North Causeway, that he then proceeded across, that he did not see vehicle number one, and that he was struck.
In the present ease, the trial judge obviously resolved the credibility issues in favor of the defendants, finding that the account of the accident given by Mr. Clelland and supported by the testimony of Alfred Gonzales and Mrs. Clelland, to be more believable. As shown by the previously set forth testimony, there were discrepancies in the witnesses’s accounts of what had occurred. However, we find that the trial judge had more than ample testimony upon which to base his conclusion that defendant was not at fault in causing the plaintiffs accident and subsequent injuries. As such, we cannot say that the trier of fact was clearly wrong or manifestly erroneous in making this factual finding.
Having rejected the plaintiffs arguments surrounding the credibility of witnesses, we now turn to the defendants’ demand for damages based on a frivolous appeal.
LSA-C.C.P. art. 2164 provides in part that the court may award damages for frivolous appeal. This article is penal in nature and must |7be strictly construed. Damages for frivolous appeal are not awarded unless it is clear the appeal was solely for delay or that the appellant is not serious in his position. Elloie v. Anthony, 95-0238 (La. App. 4 Cir. 8/23/95), 660 So.2d 897, writ denied, 95-2239 (La.11/27/95), 663 So.2d 731. In the present case, although Mr. Pelts’ argument was found to be without merit, it appears that he sincerely advocates his position and did not file this appeal for delay.
Based on the reasons set forth herein, we affirm the dismissal of the plaintiffs suit; however, we reject the defendants’ demand for damages for frivolous appeal.

AFFIRMED.

. The trial judge dismissed Mrs. Clelland as a party to the lawsuit by joint motion of the defense and the plaintiff.