I .WALTZER, Judge.
Defendants, Sister Mary Blossl and Allstate Insurance Company, appeal the judgment after trial awarding plaintiff, Lynn Hunt, damages for her injuries after a car accident on 22 December 1996. Defendants argue that Hunt did not prove that the accident caused her injuries and that the amount awarded for general damages, $25,000, was excessive. Hunt answered the appeal, requesting sanctions for frivolous appeal.
STATEMENT OF FACTS
In late December 1996, Hunt, driving a small truck, stopped at a traffic light on Magazine Street, and her truck was struck from the rear by a station wagon driven by defendant, Blossl. Allstate insured Blossl’s car at the time of the accident.
Hunt testified that the impact of the collision caused her truck to move. She testified that she suffered various injuries to her back and shoulder from the accident. She treated with both Dr. Harry E. Hoerner, an orthopedic surgeon, and Allied Adult and Child Clinic. Dr. Hoerner treated her from January 1997 until October 1997. His examinations revealed some tenderness and decreased range of motion to the back and tenderness in the right shoulder. He performed x-rays in | January 1997, revealing some degenerative changes. His initial diagnoses included strains of ligaments, inflammation degenerative arthritis and degenerative disc disease. He prescribed certain medications, an anti-inflammatory drug and muscle relaxant, and certain exercises for her back. Dr. Hoerner ordered an MRI study of the lumbar spine, revealing degenerative changes in the facet joint and disc dehydration. He discharged her from treatment in October 1997 because he believed she had achieved maximum medical improvement. Dr. Hoerner opined that the injuries to her back and shoulder were caused by the December 1996 accident. He testified that the accident aggravated the degenerative conditions suffered by Hunt, who was sixty-seven years old at the time of the accident. Hunt testified that since the accident she has been unable to do the things she did before the accident. *320 She can neither drive the same distance nor fish.
FIRST ASSIGNMENT OF ERROR: The trial court erred in concluding that the collision caused Hunt’s injuries.
Defendants argue that the Hunt failed to prove that the accident caused her injuries.
In reviewing the factual findings of a trial court, an appellate court is limited to a determination of manifest error. Hill v. Morehouse Parish Police Jury, 95-1100 (La. 1/16/96), p. 4; 666 So.2d 612, 614-15. We must determine from the record that a reasonable factual basis does not exist for the verdict. We must accord deference to the fact-finder. We are cognizant of our constitutional duty to review facts, and not merely to decide if we, as the reviewing court, would have found the facts differently, but to determine whether the trial court’s verdict was manifestly erroneous based on the evidence or clearly without evidentiary support. Ambrose v. New Orleans Police Department Ambulance Service, 93-3099 (La.7/5/94); 639 So.2d 216, 221.
Defendants argues that the trial court’s finding that the collision caused Hunt’s injuries are clearly erroneous. However, we find ample evidence to support the conclusion that the accident caused Hunt’s injuries. Both Dr. Hoerner and Hunt attribute the injuries to the accident. Dr. Hoerner believed that the accident aggravated degenerative changes in Hunt’s back and right shoulder. He testified that his examination of Hunt, the MRI and the x-rays supported this conclusion. In the physical examination of Hunt, Dr. Hoerner noticed tenderness and decreased range of motion on several occasions. Hunt testified that the collision caused her to strike either the window or the steering wheel resulting in her injuries. We affirm the trial court’s conclusion that the accident caused Hunt’s injuries.
SECOND ASSIGNMENT OF ERROR: The trial court erred in awarding excessive damages.
Defendants argue that the trial court erred by awarding $25,000 in general damages.
The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the much discretion of the trier of fact. Only after such a determination of an abuse of discretion is a resort to prior awards appropriate and then only for the purpose of determining the highest or lowest point which is reasonably within that discretion. Youn v. Maritime Overseas, Corp., 92-3017 (La.9/3/93); 623 So.2d.1257, 1260-61.
The standard for appellate review of general damage awards is difficult to express and is necessarily non-specific, and the requirement of an articulated basis |4for disturbing such awards gives little guidance as to what articulation suffices to justify modification of an excessive award. The discretion vested in the trier of fact is great and even vast, and an appellate court should rarely disturb an award of general damages. It is only when the award is, in either direction beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Youn, supra at 1262.
The trial court awarded Hunt $25,-000 in general damages. She treated with an orthopedic surgeon for ten months for injuries to both her shoulder and back. Dr. Hoerner testified that he believed the 1996 accident aggravated certain degenerative conditions already troubling this sixty-seven year old woman. Hunt testified that her injuries prohibit her from pursuing the same interests and activities that she held before the accident.
*321 The award is not obviously the result of passion or prejudice, and it bears a reasonable relationship to the proved damages. Many rational triers of fact could have decided that a lower award is more appropriate, but we cannot conclude from the entirety of the evidence, viewed in the light most favorable to the prevailing party, that a rational trier of fact could not have found the award of general damages at the level set by the trial judge. We affirm the award of $25,000 in general damages.
ANSWER TO APPEAL: Hunt answered the appeal and requested damages for frivolous appeal.
Damages for frivolous appeal are awarded pursuant to LSA-C.C.P. art. 2164. However, this statute is penal in nature and must be strictly construed. Moreover, appeals are favored, and damages for frivolous appeal are not granted unless they |Bare clearly due. Even when an appeal lacks serious legal merit, damages for frivolous appeal will not be made unless it is clear that the appeal was taken solely for the purpose of delay or that appellant’s counsel is not serious in the position he advances. Elloie v. Anthony, 95-0238 (La.App. 4 Cir. 8/23/95); 660 So.2d 897, writ denied 95-2239 (La.11/27/95); 663 So.2d 731.
Although we found no merit to defendants’ assignments of errors, we are not inclined to penalize them for appealing. Defendants’ arguments concern imprecise concepts. They have not misrepresented the facts or the law, and the record does not convince us that they have appealed merely to delay payment of the judgment. We deny plaintiffs request for damages for frivolous appeal.
CONCLUSION
We affirm the trial court’s award of $25,000 in general damages.
AFFIRMED.