MARC E. JOHNSON, Judge.
 

 |2The Plaintiff, Kurt Bourg, appeals a judgment granting an exception of prescription tiled by the Defendant, Keith Thiel, and his alleged insurer, Progressive Security Insurance Company (Progressive) in a multi-car accident case. We affirm.
 

 On October 1, 2006, the Plaintiffs vehicle was allegedly struck in the rear by a car driven by Defendant, Lavedo Woods, who was, in turn, allegedly struck in the rear by the Defendant, Keith Thiel. The three cars were traveling on Ames Boulevard in Jefferson Parish. Woods was insured by U.S. Agencies, and Thiel was allegedly insured by Progressive.
 

 Progressive filed a peremptory exception of prescription asserting that the action against it and Thiel is prescribed on its face. A hearing was held in April of 2009. The Plaintiffs sole argument was that the suit was timely filed on October 2, 2007 under La. C.C. art. 3454. The trial judge granted the exception in June of 2009.
 

 On appeal, the Plaintiff contends that the trial judge erred because prescription was interrupted.
 

 _JjThe Plaintiff asserts that a letter sent by U.S. Agencies to Plaintiffs counsel on February 18, 2009 acknowledging that counsel represented the Plaintiff was also an acknowledgement sufficient to interrupt prescription against Thiel and Progressive.
 

 The record is devoid of any evidence of a letter. Furthermore, the Plaintiff raises this issue for the first time on appeal.
 

 At the trial of a peremptory exception of prescription, “evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.” La. C.C.P. art. 931. When the case is prescribed on its face, the burden shifts to the plaintiff to prove an interruption of prescription.
 
 Williams v. Sewerage & Water Bd. of New Orleans,
 
 611 So.2d 1383, 1386 (La.1993);
 
 Morris v. Westside Transit Line,
 
 02-1029, p. 4 (La.App. 5 Cir. 2/25/03), 841 So.2d 920, 924.
 

 In
 
 Denoux v. Vessel Management Services, Inc.,
 
 07-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88, the Louisiana Supreme Court stated:
 

 Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memo-randa do not constitute evidence and cannot be considered as such on appeal.
 

 Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. [Citations omitted.]
 

 
 *1125
 
 See La. C.C.P. art. 2164.
 
 See also Jackson v. United Services Auto. Ass’n Cas. Ins. Co.,
 
 08-333, p. 5 (La.App. 5 Cir. 10/28/08), 1 So.3d 512, 515;
 
 Ray Brandt Nissan,, Inc. v. Gurvich,
 
 98-634, p. 1-2 (La.App. 5 Cir. 1/26/99), 726 So.2d 474, 476.
 

 In the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true.
 
 Denoux,
 
 07-2143 at 6, 983 So.2d at 88.
 

 |4Pelictual actions are subject to a liber-ative prescription of one year commencing from the day injury or damage is sustained. La. C.C. art. 3492. A full calendar year is from January 1 to December 31. Under La. C.C. art. 3454, the running of prescription commences on the day after the date that marks the commencement of prescription. La. C.C. Art. 3456 further provides that if a prescriptive period consists of one or more years, prescription accrues upon the expiration of the day of the last year that corresponds with the date of the commencement of prescription. In this case, prescription would have accrued on October 1, 2007, as indicated by Civil Code articles and the jurisprudence.
 

 In
 
 Warren v. Hart,
 
 545 So.2d 687, 688 (La.App. 5 Cir.1989), the accident occurred on May 10, 1987, between 2:00 p.m. and 3:00 p.m. Suit was filed on May 11, 1988 at 8:40 a.m. In
 
 Warren,
 
 the plaintiff argued that the one year prescription period set out in La. C.C. art. 3492 began at 2:00 p.m. on May 10, 1987 and did not expire until 2:00 p.m. on May 11, 1988. He contends that the petition filed several hours before 2:00 p.m. was therefore timely. We disagreed, stating, “As far back as 1855, the jurisprudence held that the year is calculated
 
 ‘from and after the day of the commission of the tortious act,’
 
 making no mention of the
 
 time
 
 of day, only the
 
 date. Wartelle v. King,
 
 10 LaAnn. 655 (La. 1855).”
 
 Warren,
 
 545 So.2d at 688 [Emphasis added.]
 

 In
 
 Warren,
 
 we cited
 
 Delahoussaye v. Thibodeaux,
 
 498 So.2d 1137 (La.App. 3rd Cir.1986),
 
 unit denied,
 
 501 So.2d 236 (La.1987), where the court held that a suit filed on February 22, 1985 was untimely when the vehicular accident in which the plaintiff was injured occurred on February 21, 1984. In
 
 Delahoussaye,
 
 the court cited La. C.C. Art. 3492 and La. C.C. art. 3456. In similar cases, the result was the same.
 
 See Wartelle,
 
 10 La.Ann at 655;
 
 Lafleur v. Charter Marketing Company,
 
 473 So.2d 133 (La.App. 3 Cir.1985);
 
 Elloie v. Anthony,
 
 660 So.2d 897, 898 (La.App. 4 Cir.1995),
 
 runt denied,
 
 663 So.2d 731 (La.1995).
 

 In this case, a full year from the date of the accident, October 1, 2006, was September 30, 2007. The commencement of the prescriptive period began on October 2, 2006, the day after the accident. Thus, the last day for filing suit was October 1, 2007. Since the action was not filed until October 2, 2007, the trial judge did not err in granting the exception of prescription.
 

 Accordingly, the judgment of the trial court is hereby affirmed.
 

 AFFIRMED.