JAMES F. MCKAY III, CHIEF JUDGE
*156 In this nullity action, which arises out of a breach of contract/legal malpractice case, the appellants, P. Michael Breeden, the Breeden Law Firm LLC, and XYZ Insurance Company, appeal the trial court's sustaining of a peremptory exception of prescription filed by the appellee, Kevin Williams, which dismissed with prejudice the appellants' petition to annul. We affirm.
FACTS AND PROCEDURAL HISTORY
By way of background, Kevin Williams alleges that on December 22, 2011, he entered into an employment contract with P. Michael Breeden and the Breeden Law Firm to represent him in a bankruptcy filing. He further alleges that Mr. Breeden and the Breeden Law Firm failed to timely institute a Chapter 13 bankruptcy on behalf of Mr. Williams, which resulted in two pieces of immovable property owned by Mr. Williams being sold at a sheriff's sale to Iberia Bank.
On May 3, 2013, Mr. Williams filed a petition for damages based on legal malpractice against P. Michael Breeden, the Breeden Law Firm, and XYZ Insurance Company (from this point forward, these parties will be referred to collectively as Mr. Breeden). Following service on Mr. Breeden, Mr. Williams filed a motion for preliminary default on July 21, 2014. On July 24, 2014, Mr. Breeden filed a motion for extension of time. On July 25, 2014, Mr. Williams sought to confirm the preliminary default, but his confirmation was denied. Mr. Williams filed a number of exhibits to support his motion for default on July 28, 2014. Then, on August 12, 2014, the trial court entered a default judgment against Mr. Breeden and in favor of Mr. Williams, awarding him damages in the amount of $ 536,000.00.
On August 8, 2015, Mr. Breeden filed a petition to annul stating that the judgment was an absolute nullity under La. C.C.P. art. 2002 based on the failure to notify Mr. Breeden. This petition to annul was dismissed without prejudice on February 2, 2016, for failure to issue citation and service to Mr. Williams.
On February 20, 2018, in a separate proceeding, Mr. Breeden filed a second petition to annul seeking to annul the August 12, 2014 default judgment. Mr. Breeden then filed a motion to transfer and consolidate the new petition with the earlier proceedings and the case was transferred and consolidated on February 22, 2018. Mr. Williams then filed a peremptory exception of prescription alleging that the new petition to annul was prescribed pursuant to the provisions of La. C.C.P. art. 2004 (B). A hearing on the exception took place on June 29, 2018, and a judgment was signed on July 5, 2018, maintaining the exception of prescription and dismissing the petition to annul the default judgment with prejudice at Mr. Breeden's *157 costs. It is from this judgment that Mr. Breeden now appeals. Mr. Williams has also filed an answer to the appeal, seeking attorney's fees and costs for the filing of a frivolous appeal.
DISCUSSION
On appeal, Mr. Breeden raises the following assignments of error: 1) the trial court erred in granting the exception of prescription as Mr. Breeden was not served with notice prior to the hearing date; and 2) the trial court erred in granting the exception of prescription because the petition to annul clearly demonstrates on its face that the judgment is an absolute nullity, which can be brought at any time. Mr. Williams also seeks attorney's fees and costs for a frivolous appeal.
In reviewing a peremptory exception of prescription, an appellate court will review the entire record to determine whether the trial court's finding of fact was manifestly erroneous. Board of Com'rs v. Estate of Smith, 03-1949, 03-1950 (La.App. 4 Cir. 9/2/04), 881 So.2d 811. The standard of review of a district court's finding of facts supporting prescription is that an appellate court should not disturb a finding of the district court unless it is clearly wrong. Albe v. City of New Orleans, 14-0186 (La.App. 4 Cir. 9/17/14), 150 So.3d 361.
While Mr. Breeden argues that he was not properly noticed for the June 29, 2019 hearing, the record reflects that at an earlier setting on May 25, 2018, he was noticed in open court that due to the funeral for Judge Claire Jupiter, all matters were continued until June 29, 2018, without further notice to the parties. Accordingly, the record does not support the argument by Mr. Breeden that he had no notice of the June 29, 2018 hearing.
Mr. Breeden also argues that the underlying default judgment is an absolute nullity because Mr. Williams did not notify him of the preliminary default within seven days before the confirmation of the preliminary default. Although Mr. Breeden argues that La. C.C.P. art. 2002 applies to his petition for nullity, the jurisprudence supports the proposition that La. C.C.P. art. 2004 applies in this case.
In Russell v. Illinois Central Gulf Railroad, 96-2649, p. 2 (La. 1/10/97), 686 So.2d 817, 819, the Louisiana Supreme Court held that it is an "ill practice" to confirm a judgment of default without notice against a party that has already filed pleadings constituting an appearance of record in the litigation proceedings. "Ill practice" is any improper practice or procedure that operates, even innocently, to deprive a litigant of some legal right, as that term is used in statutes providing that a final judgment obtained by fraud or ill practices may be annulled. Mike v. Bob's Painting, 07-2190, p. 4 (La.App. 1 Cir. 9/26/08), 995 So.2d 43, 47.
In the instant case, a review of both petitions for nullity filed by Mr. Breeden clearly shows that he complained of the ill practice of Mr. Williams's former counsel. Mr. Williams filed a motion for preliminary default on July 21, 2014, which was granted. Mr. Breeden filed a motion for extension of time for seven days to file responsive pleadings on July 24, 2014. Mr. Breeden made no other appearance, filed no other responsive pleading, and the seven-day extension expired before the default judgment was confirmed on August 12, 2014. However, if this Court assumes that the counsel for Mr. Williams did not properly notify Mr. Breeden, then that would be considered an "ill practice" pursuant to La. C.C.P. art. 2004.
A default judgment, although founded on ill practices, must be presumed to have been regularly obtained unless the *158 contrary is shown to be of record. Phillips v. Space Master Interim. Inc., 96-877, p. 2 (La.App. 5 Cir. 5/14/97), 696 So.2d 64, 66. According to La. C.C.P. art. 2004 (B), an action to annul a judgment on the grounds of ill practices must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices. The original petition for nullity was filed on August 8, 2015. Therefore, Mr. Breeden had knowledge on that date of the facts supporting his petition for nullity. When his petition was dismissed without prejudice on February 2, 2016, he could have refilled it at any time. However, he chose to wait until February 20, 2018 to file another petition (a delay of more than two years). Clearly, his claim has prescribed.
Damages for frivolous appeal are awarded pursuant to La. C.C.P. art. 2164. However, this statute is penal in nature and must be strictly construed. Moreover, appeals are favored, and damages for frivolous appeal are not granted unless they are clearly due. Even when an appeal lacks serious legal merit, damages for frivolous appeal will not be made unless it is clear that the appeal was taken solely for the purpose of delay or that appellant's counsel is not serious in the position that he advances. Elloie v. Anthony, 95-0238, p. 3 (La.App. 4 Cir. 8/23/95), 660 So.2d 897 ; Hunt v. Prolux, 99-1804 (La.App. 4 Cir. 1/26/00), 753 So.2d 318.
In the instant case, we cannot find that the appeal was taken solely for delay or that appellant's counsel is not serious in the position that he advances. Accordingly, we will not award damages for the filing of a frivolous appeal.
CONCLUSION
For the above and foregoing reasons, we affirm the trial court's sustaining Mr. Williams's exception of prescription and its dismissal with prejudice of Mr. Breeden's petition to annul. We also decline to award damages for a frivolous appeal.
AFFIRMED