JAMES L. CANNELLA, Judge.
Defendant, Mary Ann Ponsaa (Ponsaa), appeals from a judgment in a breach of contract case involving the exchange of immovable property with Plaintiff, James Shields, and which further awarded a real estate commission to the Defendant, Darryl Cavalier (Cavalier). We affirm in part, reverse in part, amend in part and render a judgment on interest, attorney’s fees and costs.
On October 23, 1995, Ponsaa executed an Exclusive Listing Agreement with Cavalier to find a purchaser who was willing to swap immovable property for three parcels of land in which she had an undivided interest and was unable to sell outright. In the listing agreement, the value of the property was set at $175,000. The Plaintiff agreed to a commission to be paid to Cavalier of 15% or $25, 250. Some months later, Cavalier approached the Plaintiff, who agreed to an exchange of property. A document entitled Agreement to Exchange describing the parcels to be exchanged, was executed on April 3,1996 by the Plaintiff and Ponsaa. No value was assigned to the parcels in the agreement.
|sThe closing for the exchange was initially set for May 10, 1996. It was continued six times, with the written agreement of the parties that all other conditions of the agreement of exchange were to remain the same. On July 15, 1996, the parties went to the closing attorney’s office to formalize the exchange. At the closing, the Plaintiff, his son and daughter, co-owners of the property that he was exchanging, signed the document. After the Plaintiff and his children left the premises, Ponsaa refused to sign. She alleged at trial that she refused because no values were put on the parcels, which she stated was necessary to avoid capital gains taxes.
On November 21,1996, the Plaintiff filed suit against Ponsaa to recover his earnest money of $10,000, his expenses and other expenses in the amount of $4,250. In her answer of January 17, 1997, Ponsaa asserted a third-party demand against Cavalier for fraud, unjust enrichment, breach of fiduciary duty and lesion beyond moiety, asserting that the act of exchange was a “sweetheart deal” between the Plaintiff and Cavalier to exchange properties of substantial lesser value than her properties. Cavalier filed a general denial answer.
The case was tried on July 10, 2001. The trial judge found that Ponsaa breached the April 3, 1996 Agreement to Exchange, that the anticipated exchange was not lesionary and was not invalid for failure of cause.
*1060 On appeal, Ponsaa asserts that the trial judge erred in finding that she breached the agreement. Furthermore, she contends that the trial judge erred in failing to take judicial notice of the Internal Revenue Code requirements for tax-free treatment of like-kind exchanges of property.
Ponsaa argues that the tax-free status of the exchange was a cause for the contract. She contends that the Plaintiff wrongfully refused to provide valuations Ron the properties at the closing, thereby depriving her of the right to report the transaction as tax-free. She contends that the tax-free benefit was contemplated by both parties, as evidenced by the draft of the Act of Exchange and the testimony of the Plaintiff and her. Since the final document did not contain the valuations, she felt justified in refusing to sign at the closing.
FAILURE OF CAUSE FOR THE CONTRACT
La. C.C. art. 1949 provides that “Error vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party.”
The evidence in this case shows that the cause of the contract was not the tax-free exemption. The trial judge found that there was no failure of cause, as the agreement accurately reflects the intent of the parties, Ponsaa’s for liquidity, the Plaintiffs for investment. The cause of the contract, the reason for its creation, was for Ponsaa to dispose of property that was difficult to sell because she was not the sole owner. Cavalier testified about the problems associated with selling that type of property. The exchange was the best manner of her disposing of her interests. In exchange, she would receive properties that she owned free and clear and would be easier to sell in the future. The tax-free status that she could receive from the exchange was a benefit of the deal, not the reason for it. Furthermore, as stated by the trial judge, Ponsaa’s testimony that she was concerned with the lack of valuations of the properties on the Act of Sale/Exchange document is inconsistent with her failure to obtain appraisals prior to the execution of the April 3,1996 Agreement to Exchange. Notably, there was sufficient time to do so before the closing since it was postponed six times. Thus, we find that the contract is not invalid for failure of cause.
LLa.C.C. art. 1994 provides that, “An obligor is liable for the damages caused by his failure to perform a conventional obligation. A failure to perform results from nonperformance, defective performance, or delay in performance.”
In this case, Ponsaa failed to perform her obligation under the April 3, 1996 Agreement to Exchange. Thus, we find that the trial judge did not err in awarding the Plaintiff his damages for breach of contract.
ANSWER TO APPEAL BY CAVALIER
Cavalier answered the appeal to request an award of prejudgment interest, attorney’s fees, and costs. According to his brief, Cavalier filed a petition in St. Tammany Parish for his real estate commission. The petition was not filed into the record in this case and he did not file any other pleading to be joined in the suit filed in the Jefferson Parish district court. However, a stipulation was entered into by all parties prior to trial in which they agreed in the interest of judicial economy, to try Cavalier’s claims at the same time as the Plaintiffs claim and the third-party *1061 claim. The stipulation was signed by the trial judge on September 24, 2001 and filed into the record. Because of the stipulation, we consider the stipulation to be a cumulation of the suits, under La.C.C.P. art. 463. However, because the petition was not introduced into the record, we are precluded from considering its allegations, or the date that it was allegedly filed. Although Cavalier asks that we take judicial notice of the petition, we cannot do so. A court may take judicial notice of its own proceedings, but La.C.E. art. 202 does not allow courts to take judicial notice of other courts’ proceedings. Rather, documentation of such proceedings must be offered into evidence in the usual manner. State v. Hotoph, 99-243 (La.App. 5th Cir.11/10/99), 750 So.2d 1036, 1053-1054, writ denied, 765 So.2d 1062 and 765 So.2d 1066 (La.2000).
| flLa.C.C.P. art. 1921 provides that interest shall be awarded as prayed for, or as provided for by law. La.C.C. art. 2000 states that:
When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by Article 2924. The obligee may recover these damages without having to prove any loss, and whatever loss he may have suffered he can recover no more. If the parties, by written contract, have expressly agreed that the obligor shall also be liable for the obligee’s attorney fees in a fixed or determinable amount, the obligee is entitled to that amount as well.
See: Cline v. George Kellett & Sons, Inc., 96-456 (La.App. 5th Cir.11/14/96), 685 So.2d 206, 209.[1]
The Exclusive Listing Contract provides that the commission was to be paid “on the gross amount of any agreement that may be negotiated during the existence of this contract ...” Since the exchange agreement was negotiated (and signed) during the existence of the contract on April 3, 1996, the commission was due on that date. Thus, we find that the trial judge erred in awarding interest from the date of judgment, and that interest is due from April 3, 1996 at the legal rate as fixed by La.C.C. 2924 in 1996.
Cavalier also claims that he is entitled to attorneys fees and costs pursuant to the Exclusive Listing Contract. He is correct. The contract provides for attorneys’ fees and costs in the event that Ponsaa “causes the employment of counsel to enforce this contract.” Thus, under the contract, Cavalier is entitled to reasonable attorneys fees and court costs. However, no evidence was presented on the issue of attorneys fees and the trial judge failed to rule on this demand. |7Since the attorneys fees are due under the contract, we will remand for an evidentiary hearing and determination of reasonable attorneys fees for the district court proceedings. We will award attorneys fees in the amount of $2,500 for the appeal.
Cavalier further requests court costs pursuant to the contract. Since the agree *1062 ment provides for the recovery of court costs, we must reverse the award of court costs in the judgment insofar as it fails to award Cavalier his court costs, and award to him court costs for both the trial and appellate proceedings.
Accordingly, the judgment in favor of the Plaintiff, James E. Shields, is hereby affirmed. We further affirm the judgment in favor of Cavalier for his commission, but reverse and amend the judgment to award him legal interest from April 3, 1996, and attorneys fees for the appeal proceedings in the amount of $2,500, and court costs for the district court and appellate proceedings. We remand the matter for a determination of reasonable attorney’s fees for the district court proceedings.
The judgment is affirmed as to the division of the district court costs between the Plaintiff and Ponsaa. The costs for Pon-saa’s appeal relative to Plaintiffs claims are assessed against Shields and Ponsaa equally.
AFFIRMED IN PART, REVERSED IN PART, AMENDED IN PART, AND RENDERED.

. La.C.C. art. 1989 states that damages for delay in the performance of an obligation are owed from the time the obligor is put in default. Under Article 1991, an obligor can be put in default by a written request for performance, by an oral request before two witnesses, by filing a lawsuit, or by a specific provision in the contract. Alerion Bank v. Louisiana Ins. Guar. Ass’n, 98-2897 (La.App. 1st Cir.2/18/00), 753 So.2d 369, 375. However, article 2000 applies in this case.