MADELINE JASMINE, Judge Pro Tempore.
 

 |2In this suit on two promissory notes, appellant Bessie C. Babin appeals the trial court’s grant of an Exception of Prescription in favor of co-defendant Charlotte L. Babin. For the following reasons, we affirm the trial court’s judgment.
 

 This is a suit on two promissory notes executed by co-defendant Gregory Babin, ex-husband of co-defendant Charlotte L. Babin, in favor of plaintiff (who is Gregory Babin’s mother).
 
 [1]
 
 The first one is dated January 18, 1989, and is payable on demand. The second one is dated May 6, 1999, and is also payable on demand. Suit was filed on April 20, 2007. In order to take the notes from under the bar of prescription, plaintiff alleged in her original Petition that the notes had each been last “reinscribed” on August 1, 2005 and April 30, 2004, respectively.
 

 Defendant Charlotte Babin answered the Petition and later filed an Exception of Prescription, arguing that the notes were prescribed on their faces and that the signatures on the notes, purporting to be “reinscriptions,” fell short, under |sthe law, of expressing the parties’ intent to renew the notes and extend prescription. The trial court heard argument and took the matter under advisement, rendering judgment in favor of Charlotte Babin on July 14, 2008, without giving reasons. Plaintiff Bessie C. Babin filed this appeal.
 
 [2]
 

 In reviewing a peremptory exception of prescription, an appellate court will review the entire record to determine whether the trial court’s finding of fact was manifestly erroneous.
 
 Katz v. Allstate Ins. Co.,
 
 04-1133 (La.App. 4 Cir. 2/2/05), 917 So.2d 443. The standard controlling review of a peremptory exception of prescription requires that this court strictly construe the statutes ‘against prescription and in favor of the claim that is said to be extinguished.
 
 Id.
 

 Liberative prescription on a promissory note is five years. LSA-C.C. art. 3498. Where a promissory note is payable on demand, prescription runs from the date of the note and not from demand. LSA-C.C. art. 3498;
 
 Smith v. McKeller,
 
 93-1944 (La.App. 1 Cir. 6/24/94), 638 So.2d 1192. Where a note is prescribed on its face, the burden of proving that prescription has been interrupted rests upon the creditor, and the proof must be clear, specific, and positive.
 
 Lake Providence Equipment Company, Inc. v. Tallulah Production Credit Ass’n,
 
 257 La. 104, 241
 
 *786
 
 So.2d 506 (1970). Acknowledgement of a debt or obligation interrupts prescription and erases the time that has accrued, with prescription commencing anew from the date of interruption.
 
 Smith v. McKeller,
 
 supra.
 

 The first promissory note, Exhibit A to the Petition, shows that it is dated January 18, 1989. Suit was filed in 2007; hence, the note is prescribed on its face. Plaintiff argued that prescription was interrupted by virtue of several “reinscrip-tions.” On the back of the note, there are four sets of signatures. (R @ 3a) The topmost one says “Renewed April 13, 1993” and is signed by both plaintiff |4and Gregory Babin, maker and co-defendant. Following that notation, there are three more signatures. Plaintiff and defendant Gregory Babin again both signed the note sometime in 1997, and again in 2002 and 2005. The word “renewed” only appears with the 1993 signatures.
 
 [3]
 

 The second note, Exhibit B to the Petition, shows that it is dated May 6, 1999. It is also prescribed on its face. On the front of this note, directly under their original signatures, plaintiff and Gregory Ba-bin have signed the note again with the date April 30, 2004.
 

 Defendant argued to the trial court that these signatures did not clearly, specifically, or positively evidence the signatories’ intent to extend prescription, and that the mere signing and dating on the back or bottom of the instrument does not infer the acknowledgment or interruption of prescription on the notes. The trial judge apparently agreed with defendant’s arguments, and granted her Exception of Prescription.
 

 We see no abuse of discretion or error in this ruling. We find as a matter of law that the signatures on the back of the first note, and the signatures on the bottom of the second note, do not clearly, positively, and unequivocally express the intent to acknowledge or interrupt prescription. Accordingly, we affirm the judgment of the trial court.
 

 AFFIRMED.
 

 [1]
 

 . Charlotte Babin is not the maker of either promissory note; Gregory Babin made both notes while he and Charlotte were married. They have since divorced, according to pleadings.
 

 [2]
 

 . This appeal concerns only co-defendant Charlotte L. Babin.
 

 [3]
 

 . The original note is not notarized, nor are the four sets of signatures.