JUDE G. GRAVOIS, Judge.
| ¡¡Plaintiff, Irma Alvarez, has appealed the trial court’s grant of defendants’ exceptions of prescription in her slip-and-fall tort suit. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY

On January 31, 2012, plaintiff filed a petition for damages which alleged that on January 31, 2011, she slipped and fell at the Boomtown Casino (“Boomtown”) located in Harvey, Jefferson Parish, Louisiana, “as a result of a dangerous condition on the premises, namely a wet floor, causing her personal injuries and other damages.” Named as defendants in plaintiffs petition are: 1) Louisiana-I Gaming, A Louisiana Partnership in Commendam, Boomtown, LLC of Delaware, and Pinnacle Entertainment, Inc. of Delaware (collectively, “the Boomtown defendants”); 2) Louisiana Gaming Enterprises, Inc. (“Louisiana Gaming”);[1] and 3) Southeast Commercial Cleaning, LLC d/b/a South Florida Cleaning System (“Southeast”), and its insurer, Tudor Insurance Company (“Tudor”).
|4On October 19, 2012, the Boomtown defendants filed an exception of prescription, alleging in their accompanying memorandum that they had evidence that plaintiffs accident actually occurred on January 30, 2011. They concluded that plaintiffs claim filed on January 31, 2012, one year and one day after her accident, was accordingly prescribed.
On October 23, 2012, Southeast and Tudor filed a similar exception of prescription, alleging in their accompanying memorandum that they had documentary evidence and certified medical records that showed that the slip and fall alleged in plaintiffs petition actually occurred on January 30, 2011, and therefore plaintiffs petition for damages filed on January 31, 2012 was prescribed.
On December 6, 2012, the trial court held a hearing on defendants’ prescription exceptions. At the hearing, the Boomtown defendants argued that the incident report prepared by a Boomtown Casino security officer, Tommie Williams, shows that plaintiffs accident occurred on January 30, 2011. They also submitted a video of plaintiffs accident which indicates that the accident occurred on January 30, 2011 at 9:25 p.m. Additionally, they submitted a *332 certified copy of plaintiffs medical records from Ochsner Medical Center which indicate that plaintiff presented to the hospital on January 30, 2011 at 10:39 p.m. complaining of right leg and right arm pain and that she had tripped and fell. The Boomtown defendants argued that this evidence established that plaintiffs accident had in fact occurred on January 30, 2011, and that plaintiffs suit, filed one year and one day after the accident occurred, was prescribed.
Southeast and Tudor contended at the hearing that the only relevant inquiry for determination by the trial court at the hearing was the date of the accident. They argued that the hospital records which indicate that plaintiff was treated on 15January 30, 2011 establish that plaintiffs accident actually occurred on that date, which makes the filing of her petition for damages one day too late.
In response, plaintiff argued at the hearing that prescription statutes are to be strictly construed against prescription and in favor of maintaining the action. Plaintiff pointed out that because her petition for damages alleges that the accident occurred on January 31, 2011 and her suit was filed on January 31, 2012, the suit is not prescribed on its face. In support of her position that the accident occurred on January 31, 2011, plaintiff submitted a copy of a letter from Tudor which states that the date of the accident was January 31, 2011. Plaintiff argued that this indicates that Tudor investigated the claim and determined that January 31, 2011 was the date of the accident. Plaintiff also submitted certified medical records from Advanced Medical Center of Gretna where plaintiff received follow-up care and those records state the date of the accident as being January 31, 2011. Plaintiff argued that because there is conflicting evidence, pursuant to the rules of strict construction in favor of maintaining the action, the court was required to rule in favor of maintaining plaintiffs suit.
Plaintiff further argued at the hearing that the doctrine of contra non valentón applied in her case because she was not actually diagnosed with an injury until January 31, 2011. She argued that she did not have the opportunity to investigate the accident until after January 31, 2011 to determine if defendants were in fact responsible for her slip and fall.
At the hearing, plaintiff objected to the admissibility of the Boomtown incident report, arguing that although an affidavit of Jeannine Richert was attached to the report to establish its authenticity, it was Tommie Williams, and not Ms. Richert, who had personal knowledge of the accident; thus the report was inadmissible because Ms. Richert could not properly authenticate the report. [^Plaintiff also objected to the admissibility of the video of the accident because she allegedly had not been previously provided with a copy of the video. Plaintiff also requested an opportunity to amend her petition in the event that the court would grant defendants’ exceptions.
Following argument by the parties, the trial court overruled plaintiffs objections and allowed introduction of all evidence submitted by defendants. At the conclusion of the hearing, the trial court granted the exceptions of prescription, stating that the incident report, surveillance video, and emergency room records clearly show that plaintiffs accident occurred on January 30, 2011, and accordingly, the one-year libera-tive prescriptive period within which plaintiff had to file suit in this case ended on January 30, 2012; plaintiffs suit filed on January 31, 2012 was thus prescribed. This timely appeal followed.

LAW AND DISCUSSION

Prescription is a peremptory exception which is provided for in La. C.C.P. *333 art. 927. Evidence in support or contravention of this exception may be introduced if the grounds thereof are not apparent from the petition. La. C.C.P. art. 931. If evidence is introduced in support or contravention of the exception, the ruling on the exception of prescription is reviewed by an appellate court under the manifest error standard of review. Dugas v. Bayou Teche Water Works, 10-1211 (La.App. 3 Cir. 4/6/11), 61 So.3d 826, 829-30. If no evidence is introduced, the appellate court’s role is to determine whether the trial court’s ruling was legally correct. Id. at 830. Generally, the burden of proof lies on the party pleading the exception of prescription. Id. It is only when petition is prescribed on its face that the burden shifts to the plaintiff to show that the action has not prescribed. Id.
17At the hearing on the exceptions in the present case, evidence was introduced by all of the parties. Accordingly, our review of the trial court’s ruling herein will be under the manifest error standard of review.
Delictual actions are subject to a liberative prescription of one year, commencing from the day the injury or damage is sustained. La. C.C. art. 3492. In computing a prescriptive period, the day that marks the commencement of prescription is not counted and prescription accrues upon the expiration of the last day of the prescriptive period. La. C.C. art. 3454.[2] When the prescriptive period is one year, prescription accrues on the last day of the year that corresponds with the date of the commencement of prescription. La. C.C. art. 3456. A petition in a tort action filed one year and one day after the date of the accident is prescribed. Bourg v. Woods, 09-628 (La.App. 5 Cir. 1/26/10), 31 So.3d 1123.

ASSIGNMENT OF ERROR NUMBER ONE

Evidence introduced and applicable law supports finding that trial court erred in sustaining defendants’ exceptions of prescription.

In her appellate brief, plaintiff raises the same arguments presented to the trial court. First, she argues that there is evidence in the record to show that the accident occurred on January 31, 2011. In support of this position, she refers to excerpts in the Ochsner medical records. She points out that although her Ochsner bill states that x-rays were performed on her on January 30, 2011, the x-ray reports were not prepared until January 31, 2011. Plaintiff argues that the Ochsner records are thus unclear and unreliable as to the date of the accident. Plaintiff also contends that the medical records from Advanced Medical Center state that the accident occurred on January 31, 2011. Plaintiff further points out that she ^submitted correspondence from Tudor stating that the accident occurred on January 31, 2011. Plaintiff argues that based on the conflicting dates in these records, there is a material issue of fact as to the date the accident occurred, thereby precluding the granting of defendants’ exceptions of prescription. Plaintiff concludes that her petition, which was filed on January 31, 2012, was timely filed because it alleges that the accident occurred on January 31, 2011, and there is evidence in the record to support her allegations that the accident occurred on January 31, 2011.
*334 Upon review, we find that a close analysis of the Ochsner medical records reveals no discrepancy as to the date of the accident. Plaintiff argued that x-rays were taken at 8:48 a.m. and 8:44 a.m. on January 31, 2011. According to the Ochsner x-ray reports, however, the reports were transcribed and signed by a radiologist at that time on that date. The medical records reveal that the x-rays were actually taken on January 30, 2011 at 11:32 p.m. and were reviewed by the nurse practitioner on January 31, 2011 at 12:19 a.m., and that the x-ray reports were transcribed and signed by the radiologist at 8:43 a.m. and 8:44 a.m. on January 31, 2011.
Further, the following information contained in the Ochsner medical records which were introduced at the hearing on the exceptions indicate that plaintiff slipped and fell at the Boomtown Casino on January 30, 2011, and that she sought medical treatment from Ochsner that same day, to-wit:
• plaintiff presented to Ochsner on January 30, 2011 at “22:39” (10:39 p.m.);
• plaintiff signed the hospital registration authorizations on January 30, 2011;
• plaintiffs vital signs were taken on January 30, 2011 at “22:42” (10:42 p.m.);
|a* plaintiffs urine sample was collected on January 30, 2011 at “23:39” (11:39 p.m.);
• plaintiff informed the emergency room physician on January 30, 2011 at “23:51” (11:51 p.m.) that she had a “fall today” when she tripped in “[B]oom-town [C]asino”;
• pregnancy test results for plaintiff were obtained on January 30, 2011 at “23:57” (11:57 p.m.);
• medication was prescribed to plaintiff on January 31, 2011 at “00:25” (12:25 a.m.); and
• plaintiff was discharged on January 31, 2011 at “00:41” (12:41 a.m.).
Hence, the Ochsner medical records clearly reflect that plaintiff was seen at Ochs-ner between 10:39 p.m. on January 30, 2011 and 12:41 a.m. on January 31, 2011. This treatment time is consistent with the Boomtown incident report, which indicates that the accident occurred at 9:28 p.m. on January 30, 2011, as well as the video of the accident, which shows that the accident occurred at 9:25 p.m. on January 30, 2011.
Plaintiff further argues that a letter from Tudor and medical records from Advanced Medical Center support her contention that the accident occurred on January 31, 2011. In its caption, the Tudor letter does state “January 31, 2011” as the “Date of Loss.”[3] However, there is nothing in the record to indicate where Tudor obtained this date or that Tudor had conducted an investigation and concluded that the accident occurred on January 31, 2011. Additionally, plaintiff was the person who filled in “1/31/11” as the “Date of Accident” in the “Accidental Injury Information” history form that she provided to Advanced Medical Center.
The manifest error standard of review demands that findings of fact by the trial court be given great deference and disturbed only when clearly wrong. Seitz v. Scofield, 01-1295 (La.App. 5 Cir. 2/26/02), 812 So.2d 764, 768. The issue for the reviewing court is not whether the trier of fact was wrong, but whether the trial court’s conclusions were reasonable under the evidence presented. Branch v. Wal-Mart Stores, Inc., 01-0988 (La.App. 5 Cir. 12/26/01), 806 So.2d 796, 800.
*335 For the foregoing reasons, we find that the trial court did not commit manifest error in relying on the exhibits introduced by defendants at the hearing on the exceptions in determining that plaintiffs accident occurred on January 30, 2011.
Embedded in this assignment of error is plaintiffs argument that prescription statutes are to be strictly construed against prescription and in favor of maintaining the claim. While we agree that this is a correct statement of the law, plaintiffs argument in this regard is misplaced. There is no statutory construction involved in determining when plaintiffs accident occurred, only factual determinations. As we have found above, there was no manifest error in the trial court’s finding of fact that plaintiffs accident occurred on January 30, 2011. Hence, rules of statutory construction are not applicable in our review of the trial court’s factual determination as to the date plaintiffs accident occurred.
For the above-stated reasons, plaintiffs arguments on this assignment of error are without merit.

ASSIGNMENT OF ERROR NUMBER TWO

Improper admission into evidence of Boomtown incident report and video of accident.

Plaintiff next contends that the Boomtown incident report was improperly admitted because it was not properly authenticated, reasoning that the report was accompanied by an affidavit from Jeannine Richert, but the report was authored by Tommie Williams. She further argues that the report lists as attachments a copy of Inplaintiffs driver’s license and statements of two witnesses, but these were not submitted with the report; thus, she asserts, the report is incomplete and therefore inadmissible.
Our review of the evidence introduced indicates that the Boomtown incident report was accompanied by an affidavit of Jeannine Richert, who is the risk manager at Boomtown. In her affidavit, Ms. Ric-hert attested that it is the regular business practice of Boomtown for its security officers to investigate all reported accidents that occur on Boomtown premises and to prepare incident reports documenting their findings. These incident reports are made and kept in the regular course of business of Boomtown. The accident involving plaintiff was investigated by Boom-town security officer Tommie Williams, who prepared the incident report. The report was attached to Ms. Richert’s affidavit and is admissible under La. C.E. art. 803(6)[4] as a business record exception to the hearsay rule. See Aguilar v. Transit Management of Southeast Louisiana, Inc., 04-1027 (La.App. 5 Cir. 3/1/05), 900 So.2d 65, 69-70. Accordingly, the trial court did not err in admitting the Boomtown incident report into evidence.
*336 Plaintiff further argues that the fact that the Boomtown incident report was printed on January 31, 2011 supports her claim that the accident occurred on that date. While the incident report states that it was printed at 4:48 p.m. on January 31, 2011, the printing date clearly does not establish that the accident occurred on 112that date. The incident report clearly states the accident occurred on January 30, 2011 at 9:28 p.m. Thus, this argument is without merit.
Further, plaintiff admitted in her brief that the evidence suggests her accident occurred between 9:00 p.m. and 10:00 p.m. The accident could not have occurred between 9:00 and 10:00 p.m. on January 31, 2011, as plaintiff now suggests, if the incident report was printed several hours earlier at 4:48 p.m. on January 31, 2011. Rather, the printing of the incident report at 4:48 p.m. on January 31, 2011 is consistent with the accident as having occurred between 9:00 p.m. and 10:00 p.m. on January 30, 2011, and further supports the trial court’s finding that the accident occurred on January 30, 2011. This argument is also without merit.
Plaintiff also argues that the videotape that was attached to Ms. Richert’s affidavit was inadmissible. The admissibility of a videotape is within the sound discretion of the trial judge. Olivier v. LeJeune, 95-0053 (La.2/28/96), 668 So.2d 347, 351. The admissibility of a videotape is determined on a case-by-case basis according to the specific facts and circumstances of each case. Novosyolova v. Stephens, 02-0711 (La.App. 4 Cir. 6/11/03), 850 So.2d 29, 39. The factors to be considered in order to determine admissibility of a videotape are: 1) whether the videotape accurately depicts what it purports to represent; 2) whether it tends to establish a fact of the proponent’s case; and 3) whether it will aid the jury’s understanding. Id. Upon review, we find that all three of the factors to be considered for the admissibility of a videotape have been satisfied in this case. First, Ms. Richert stated in her affidavit that plaintiffs accident was investigated by a Boomtown security officer who determined that the accident was recorded by a surveillance camera. Ms. Richert also stated that the video recording was saved and an accurate copy of the video recording of plaintiffs accident was attached to her | T .-.affidavit. Thus, defendants established that the videotape accurately depicts the accident. Second, the videotape tends to establish a fact for purposes of defendants’ exceptions. Finally, the videotape aids the trial court’s understanding of the facts. Based on our finding that these factors have been satisfied, we find no abuse of discretion by the trial judge in admitting the videotape.
Plaintiffs arguments on this assignment of error are without merit.

ASSIGNMENT OF ERROR NUMBER THREE

The trial court erred in failing to apply the doctrine of contra non valentem.
The doctrine of contra non valen-tem is an exception to the general rules of prescription. Wimberly v. Gatch, 93-2361 (La.4/11/94), 635 So.2d 206, 211. This doctrine suspends prescription when the circumstances of the case fall into one of four *337 categories: 1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action; 2) where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting; 3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or 4) where some cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. Id.
In this assignment, plaintiff argues that the fourth category of contra non valen-tem should apply to this case because her cause of action was not known or reasonably knowable to her until after her x-rays were taken on January 31, 2011. She contends that she did not know for certain that she was damaged until after she was diagnosed by the staff at Ochsner on January 31, 2011 at the earliest. Thus, she argues that she did not know that a tort had been committed upon her and that 114her cause of action against defendants accrued on January 31, 2011 at the earliest. Under this reasoning, she concludes that her petition for damages filed on January 31, 2012 was timely.
Upon review, we find that plaintiffs reasoning on this issue is incorrect. As the Louisiana Supreme Court has explained: “Ignorance or misunderstanding of the probable extent or duration of injuries materially differs from ignorance of actionable harm which delays commencement of prescription.” Fontenot v. ABC Ins. Co., 95-1707 (La.6/7/96), 674 So.2d 960, 964. Proof of a cause of action against a particular defendant is not required to commence the running of prescription; rather, simply knowledge, actual or constructive, sufficient to put a reasonable person on guard to call for inquiry is enough to begin the running of prescription. Hines v. Browning-Ferris, Inc., 46,577 (La.App. 2 Cir. 9/21/11), 73 So.3d 479, 484-85, writ denied, 11-2340 (La.12/2/11), 76 So.3d 1180. Based on this accepted jurisprudence, we hereby reject plaintiffs argument that prescription did not start running on the date of her fall at Boom-town. Even if she did not specifically know the extent of the injury she had sustained as a result of her fall, she was surely aware on the date of her fall (January 30, 2011) that she had sustained some type of damage in the incident causing her to seek medical attention. See, Franz v. Ledoux, 05-822 (La.App. 5 Cir. 3/28/06), 927 So.2d 534, 539, writ denied, 06-0965 (La.6/16/06), 929 So.2d 1290. For these reasons, we find that the doctrine of contra non valentem is not applicable in this case.

ASSIGNMENT OF ERROR NUMBER FOUR

The trial court erred in not allowing plaintiff an opportunity to amend her petition for damages.

In her final assignment of error, plaintiff argues that the trial court erred in not allowing her an opportunity to amend her petition for damages, pursuant to La. |1SC.C.P. art. 934, to remove the objection pleaded by defendants in' their exceptions of prescription.
A plaintiff is allowed the opportunity to amend his petition within the delay allowed by the court “[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition.” La. C.C.P. art. 934. However, “[i]f the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, *338 demand, issue, or theory shall be dismissed.” Id.
The right to amend a petition is qualified by the restriction that the objections to the petition be curable; further, the decision to allow amendment the petition is within the sound discretion of the trial court. McKinley v. Scott, 44,414 (La.App. 2 Cir. 7/15/09), 17 So.3d 81, 85. Based on the facts of this case as have been found by the trial court and affirmed herein, any amendment to the petition by plaintiff would have not have any effect on the running of prescription; thus, the objections raised by defendants in their peremptory exceptions of prescription are not curable by plaintiff in this case. Hence, the trial judge did not abuse his discretion in denying plaintiff the opportunity to amend her petition for damages.

CONCLUSION

For the foregoing reasons, the judgment of the trial court granting defendants’ exceptions of prescription is hereby affirmed.

AFFIRMED.

. The record does not reflect that Louisiana Gaming was ever served with plaintiff's petition and thus is not a party to this appeal.

. La. C.C. art. 3454 further provides that if the last day of the prescriptive period is a legal holiday, then prescription accrues upon the expiration of the next day that is not a legal holiday. This possible extension of the prescriptive period is not applicable to this case because the last day of the prescriptive period herein (January 30, 2012) was not a legal holiday.

. In the body of the letter, mention is made about treatment rendered to plaintiff "for an injury she suffered at the Boomtown Casino on January 31, 2011.”

. La. C.E. art. 803(6) provides:
A memorandum, report, record, or data compilation, in any form, including but not limited to that which is stored by the use of an optical disk imaging system, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if made and kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make and to keep the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. This exception is inapplicable unless the recorded information was furnished to the business either by a person who was routinely acting for the business in reporting the information or in circumstances under which the statement would not be excluded by the *336 hearsay rule. The term "business” as used in this Paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit. Public records and reports which are specifically excluded from the public records exception by Article 803(8)(b) shall not qualify as an exception to the hearsay rule under this Paragraph.