HANS J. LILJEBERG, Judge.
| {.Plaintiff, Occidental Properties, Ltd., seeks review of the trial court’s ruling granting an exception of prescription filed by plaintiff-intervenor, Brae Asset Fund, L.P. For the following reasons, we affirm.

Factual & Procedural History

At the outset, we note that the parties to the instant appeal, Occidental Properties, Ltd. (“Occidental”) and Brae Asset Fund, L.P. (“Brae”), were involved in previous litigation, wherein Occidental filed suit to enforce the same promissory note and mortgage that form the basis of the instant appeal on September 8, 2003, in the 24th Judicial District Court, Parish of Jefferson, case' no. 598-616. Brae intervened asserting its claim against the property was superior in rank. After no action was taken to prosecute the matter to judgment for over three years, the case was dismissed as abandoned pursuant to La. C.C.P. art. 561 on October 22, 2010. This Court affirmed the dismissal of the action on appeal. See Occidental Properties, Ltd., v. Zufle, 11-77 (La.App. 5 Cir. 11/15/11), 79 So.3d 1135, 1136.
| aSubsequently, on April 21, 2011, Occidental filed a Petition for Foreclosure by Ordinary Process, thereby instituting its second suit in this matter, which is the focus of the instant appeal. In this second suit, Occidental alleges that it is a holder of a promissory note executed by defendants, Tim T. Zufle and the Unopened Succession of Diane Reed Zufle (“Zufles”), dated August 25, 1988, payable to the order of Bearer, in the amount of $125,000.00, payable in 120 equal monthly installments of $1,376.00, with the first installment having been due on September 1, 1988, and continuing on the first day of each month thereafter until September 1, 1998, at which time the entire balance of the promissory note was to become due and payable.[1] The promissory note was secured by an Act of Mortgage [2]- and recorded in the mortgage records of Jeffer *127 son Parish, State of Louisiana, on August 25,1988.
On June 29, 1998, said promissory note was sold and assigned by the original holder of the note, Lafourche Life Insurance Company, to Occidental. The written sale and assignment was recorded on June 30, 1998, in the mortgage records of Jefferson Parish. Thereafter, on August 17, 1998, the promissory note and Act of Mortgage were amended and recorded. Under the terms of the amendment, the parties agreed, in pertinent part, to an extension of the maturity date of the promissory note from September 1, 1998, to September 1, 2008, and agreed that all other terms and conditions of the promissory note and mortgage, except as amended and modified in the amendment, would remain in full force and effect.
The petition further alleges that the Zu-fles failed to make a full payment to Occidental on the promissory note, as amended, since April 1, 1999, and that the |4remaining unpaid principal balance on said note is $65,595.05, which accrued interest through March 28, 2011, and interest thereafter at the rate of 10% per an-num until paid, plus 25% of said principal and interest as attorney’s fees, and all costs of the proceedings as provided under the terms of the promissory note and mortgage as amended.[3]
Occidental therefore prayed for judgment in its favor and against the Zufles, in solido, for all sums due under the promissory note, plus interest, attorney’s fees, and costs, and judicial recognition of the mortgage securing said sums reserving to Occidental the right to assert the rights and rank granted to it in the mortgage. Occidental additionally requested that the trial court appoint an attorney to represent the interests of the Zufles.[4]
The appointed attorney filed an answer in the form of a general denial, and Occidental moved for summary judgment. On September 12, 2011, the trial court rendered summary judgment against the Zu-fles, in the amount of $185,992.25, plus interest. The judgment also recognized the mortgage that secured the note.
On September 20, 2011, the trial court rendered an amended judgment, in the principal sum of $185,992.25, plus subsequently accruing interest, 25% of principal and interest as attorney’s fees, and all costs. This judgment, too, recognized the mortgage.
Thereafter, Occidental caused a writ of fieri facias to issue on the judgment and caused the property to be seized by the Jefferson Parish Sheriff. After the sheriff set the matter for sale, Occidental directed a notice of the sale date to Brae.
lfiUpon receiving notice of the sale date, Brae filed a Petition of Intervention to Rank Claims alleging that it owned a judicial mortgage on the property that secures the subject promissory note, which is superior in rank to the mortgage held by Occidental. Brae sought leave to intervene in the proceedings so that the court could judicially determine the ranking of the parties, as among each other, and asked *128 the court to issue an ex parte order to the sheriff to hold all funds that would be generated by the sale of the property so that Brae could assert its claim to the proceeds. The trial judge granted the motion ordering the sheriff to hold the funds. Occidental filed a motion to reconsider, which the trial court denied.
On August 1, 2013, Occidental filed a motion for summary judgment seeking to have the court declare its note and mortgage superior in rank to Brae’s judicial mortgage.[5]
On August 12, 2013, Brae filed an exception of prescription asserting that Occidental’s action on the promissory note is prescribed, and therefore, the mortgage securing the note is unenforceable. After a hearing held on October 2, 2013, the trial court denied the exception on October 16, 2013. On October 25, 2013, Brae filed a Motion to Reconsider Decision on Exception of Prescription and Motion for New Trial. Following a hearing held on December 10, 2013, the trial court issued a judgment on January 9, 2014, granting Brae’s Motion to Reconsider Decision on Exception of Prescription and further granting Brae’s exception of prescription.
On February 3, 2014, Occidental filed a Motion for New Trial on Exception of Prescription.[6] A hearing on the motion for new' trial was held on March 13, |fi2014. On that same date, the trial court issued a judgment denying Occidental’s motion for new trial.
On April 21, 2014, Occidental filed a timely Motion and Order for Appeal, seeking review-of the trial court’s January 9, 2014 and March 13, 2014 rulings, which the trial court granted on April 23, 2014.

Law & Discussion

An exception of prescription is a peremptory exception, which a defendant may raise at any time, including on appeal or after the close of evidence, but prior to its submission for trial. La. C.C.P. arts. 927 and 928(B); Sperandeo v. Osabas, 09-627 (La.App. 5 Cir. 2/9/10), 33 So.3d 269, 270.
On the trial of a peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La. C.C.P. art. 931. If evidence is introduced in support or contravention of the exception, the ruling on the exception of prescription is reviewed by an appellate court under the manifest error standard of review. Alvarez v. Se. Commercial Cleaning, LLC, 13-657 (La.App. 5 Cir. 2/26/14), 136 So.3d 329, 333; citing Dugas v. Bayou Teche Water Works, 10-1211 (La.App. 3 Cir. 4/6/11), 61 So.3d 826, 829-30. If no evidence is introduced, the appellate court’s role is to determine whether the trial court’s ruling was legally correct. Id. Generally, the burden of proof lies on the party pleading the exception of prescription. Id. It is only when the petition is prescribed on its face that the burden shifts to the plaintiff to show that the action has not prescribed. Id.
Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be enforced. Morris v. Westside Transit Line, 02-1029 (La.App. 5 Cir. 2/25/03), 841 So.2d 920, 924, writ denied, 03-0852 (La.5/16/03), 843 So.2d 1132. Actions on instruments, whether negotiable or not, and on promis *129 sory notes, whether negotiable or not, are subject to a liberative prescription of five years. La. C.C. art. 3498. This prescription commences to run from the day payment is exigible. Id. Acknowledgement of a debt or obligation interrupts prescription and erases the time that has accrued, with prescription commencing anew from the date of interruption. Babin v. Babin, 08-776 (La.App. 5 Cir, 3/10/09), 10 So.3d 784, 786, writ denied, 09-0813 (La.6/19/09), 10 So.3d 735. See also La. C.C. arts. 3464 and 3466.

Assignment of Error No. 1

In its first assignment of error, Occidental asserts that the trial court erred as a matter of law in granting Brae’s peremptory exception of prescription based on its finding that it could not consider affidavit evidence and attachments proffered by Occidental in opposition to the exception.
As outlined above, promissory notes are subject to a liberative prescription of five years. La. C.C. art. 3498. The subject promissory note originally was to mature on September 1, 1998. By amendment of the parties, the maturity date was extended to September 1, 2008. Occidental filed its petition for foreclosure based upon said note on April 21, 2011. On the face of the petition, the note is not prescribed; therefore, the burden remained with Brae, the exceptor, to show that the promissory note was prescribed.
At the hearing on the exception on October 2, 2013, Brae argued that the promissory note secured by the mortgage on which Occidental sought to foreclose upon was prescribed. Brae argued that the promissory note, as amended by the parties, was accelerated when Occidental brought its first suit on that note on September 8, 2003, in the 24th Judicial Dis-triet Court, Parish of Jefferson, case no. 1 ⅜598 — 616.[7] Therefore, Brae argued that once Occidental opted to exercise the note’s acceleration clause and demanded the note in full by filing of the suit, prescription began to run on the entire balance due on the note, as of the date of acceleration, and the note is prescribed five years from that date, or on September 8, 2008. As such, Brae asserted that the second lawsuit, filed on April 21, 2011, came too late.
In opposition to the exception, Occidental attached, but did not introduce into evidence, notarized photocopies of receipts from Occidental to Mr. Zufle, acknowledging payments by Mr. Zufle in the first week of January in the years 2004, 2005, 2006, 2007, 2008, 2009, and 2010, which Occidental argued interrupted prescription. Brae objected to the receipts as inadmissible hearsay.
The trial court took the matter under advisement and overruled the exception finding insufficient evidence to support the allegation that the debt was accelerated prior to the maturity of the note, refusing to take judicial notice of the prior lawsuit.
In response, Brae filed a Motion for Reconsideration or New Trial, for the purpose of re-argument only, re-urging its request for the trial court to take judicial notice of the proceedings in the first lawsuit as mandated by La. C.E. art. 201.
In opposition to Brae’s motion for new trial, Occidental submitted a memorandum, attaching an affidavit of one Pedro Calderon, copies of the receipts of payments by Mr. Zufle, and the affidavit of Tim Zufle, acknowledging his debt. By affidavit, Mr. Calderon stated that he was an account officer with Occidental in Panama with personal knowledge of the Zufles’ account. Mr. Calderon further identified *130 the receipts and stated that he personally received payments from Mr. Zuñe.
19At the hearing on Brae’s motion for new trial held on December 10, 2013, the trial court ultimately took judicial notice of the prior lawsuit filed by Occidental demanding payment on the note.[8] Brae further objected to Occidental’s proffer of Mr. Calderon’s affidavit as hearsay. The trial court ruled that the affidavit was hearsay and inadmissible for purposes of the exception of prescription, citing Caro v. Bradford White Corp., 96-120 (La.App. 5 Cir. 7/30/96), 678 So.2d 615. The trial court thereafter granted Brae’s motion for new trial and its exception of prescription.
In Caro v. Bradford White Corp., 96-120 (La.App. 5 Cir. 7/30/96), 678 So.2d 615, 618, we interpreted the word “evidence,” as used in La. C.C.P. art. 931, to mean competent legal evidence. A sworn affidavit is hearsay and is, therefore, not competent evidence unless its use is' specifically authorized by statute; there is no such statutory exception permitting the use of affidavits in a trial of a peremptory exception of prescription. Boneno v. Lasseigne, 514 So.2d 276, 279 (La.App. 5 Cir. 1987), citing Board of Com’rs. v. Louisiana Com’n on Ethics, 416 So.2d 231 (La.App. 1st Cir.1982). We find that that the trial court properly sustained Brae’s objection to the introduction of Mr. Calderon’s affidavit as hearsay, inadmissible in a trial of an exception of prescription.[9]
Accordingly, no evidence was introduced at the hearing on the exception. Therefore, our role on appeal is to determine whether the trial court’s ruling on the exception of prescription was legally correct. Alvarez, supra. Based on the foregoing, we find that Brae bore its burden on the exception. The promissory Imnote, as amended by the parties, was accelerated when Occidental brought its first suit to demand payment on that note on September 8, 2003, in the 24th Judicial District Court, Parish of Jefferson, case no. 598-616. Promissory'notes prescribe by the prescription of five years. La. C.C. art. 3498. This prescription commences to run from the day payment is exigible. Id. Since the filing of the first suit to accelerate maturity of the note occurred over five years prior to the institution of the current suit, the promissory note is prescribed under La. C.C. art. 3498 and unenforceable. As such, we find that the trial court properly sustained Brae’s exception of prescription.

Assignment of Error No. 2

Next, Occidental alternatively asserts the trial court abused its discretion in denying Occidental’s motion for new trial to present live witness testimony in lieu of its proffered affidavit testimony.[10]
*131 At the hearing on Occidental’s Motion for New Trial on Exception of Prescription held on March 13, 2014, Occidental argued that it should be granted a new trial pursuant to La. C.C.P. art. 1973. Article 1973 provides discretionary grounds on which a trial court may grant a new trial “in any case if there is good ground therefor, except as otherwise provided by law.”
Occidental maintains that the trial court abused its discretion in denying its motion for new trial so that it could secure Mr. Calderon’s presence from Panama and his testimony regarding the receipts of payments made by the Zufles, which Occidental argued interrupted prescription. The trial court denied the motion.
lnThe granting or denying a motion for new trial rests within the wide discretion of the trial court and its determination shall not be disturbed absent an abuse of that discretion. Lambert v. State Through Dep’t of Transp. & Dev., 96-160 (La.App. 5 Cir. 10/16/96), 683 So.2d 839, 845.
The record reflects that Occidental had three opportunities in which to produce Mr. Calderon for the purposes of the exception, but chose instead to present inadmissible hearsay affidavit evidence and receipts, which were suspect on their face. Further, the record shows that Occidental refused to produce the witness for discovery purposes for over two years.
Under the facts of this case, we do not find that Occidental established that it is entitled to a new trial based on good grounds. Accordingly, we find that the trial court did not abuse its wide discretion in denying Occidental’s motion for new trial.

Decree

Considering the foregoing, we affirm the judgments of the trial court granting Brae Asset Fund, L.P.’s exception of prescription and denying Occidental Properties, Ltd.’s motion for new trial.

AFFIRMED

. A copy of the promissory note was attached to the petition.

. The Act .of Mortgage encumbers the property described as Lot 54, Square 5, Timberlane Estates & Country Club Subdivision, Jefferson Parish, Louisiana.

. The petition alleges that the promissory note specifically provided that should the maker of the note fail to pay any installment on the note promptly when due, then and in that event, at the option of the holder, the whole note shall at once become due and exigible instanter, and without any notice, presentment, putting in default, or any other formalities whatever.

. Plaintiff asserted in its petition that it was uncertain as to the whereabouts of Tim T. Zuñe and uncertain if a succession had been opened for the late Diane Reed Zufle. Accordingly, the trial court appointed an attorney to represent the Zufles' interests in the proceedings.

. On November 4, 2013, Occidental chose not to proceed with its motion for summary judgment, requesting that it be continued without date.

. The Clerk of Court mailed the notice of judgment on January 24, 2014. Therefore, plaintiffs motion for new trial was timely filed in accordance with La. C.C.P. art. 1974.

. Brae requested that the trial court take judicial notice of the prior proceeding.

. La. C.E. art. 201(D) provides that “[a] court shall take judicial notice upon request if supplied with the information necessary for the court to determine that there is no reasonable dispute as to the fact.” See also Shields v. Ponsaa, 01-1283 (La.App. 5 Cir. 2/26/02), 811 So.2d 1058, 1061, wherein this Court acknowledged that a court may take judicial notice of its own proceedings.

. In its appellant brief, Occidental argues that this Court has consistently affirmed cases where affidavits were admitted at a trial of an exception of prescription. We note, however, in these cases, the adverse party did not object to the affidavit evidence. “An affidavit is generally inadmissible as hearsay, but hearsay evidence that is not objected to constitutes substantive evidence... .The general rule is that a rule of evidence not invoked is waived, and, hence, a failure to object to evidence waives the objection to its admissibility/’ Smith v. Smith, 08-575 (La.App. 5 Cir. 1/12/10), 31 So.3d 453. See also La. C.E. art. 103(A)(1).

.In its appellee brief, Brae asserts that a denial of a motion for new trial is not a final appealable judgment; therefore, Occidental is precluded from challenging the trial court’s *131 denial of the motion for new trial on appeal. While Brae is correct that the denial of a motion for new trial is generally a non-ap-pealable interlocutory judgment, the court may consider interlocutory judgments as part of an unrestricted appeal from a final judgment. Bailey v. Robert V. Neuhoff Ltd. P’ship, 95-0616 (La.App. 1 Cir. 11/9/95), 665 So.2d 16, 18, writ denied, 95-2962 (La.2/9/96), 667 So.2d 534. See also Territo v. Schwegmann Giant Supermarkets, Inc., 95-257 (La.App. 5 Cir. 9/26/95), 662 So.2d 44, 46. Occidental’s appeal of the denial of the motion for new trial is incidental to the appeal from the final judgment on the exception of prescription, and we may therefore properly consider it.