MARC E. JOHNSON, Judge.
| ^.Defendants/Appellants, J.O.D., Inc. d/b/a The Bar (hereinafter referred to as “JOD”) and Jason Jaume, appeal the trial court’s judgment and award in favor of Plaintiff/Appellee, Lucky Coin Machine Co: (hereinafter referred to as “Lucky Coin”), from a suit regarding promissory notes filed in the 24th Judicial District Court, Division “C”. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
This a suit on demand notes. JOD was the operator of a bar/nightclub located in Metairie, Louisiana. JOD borrowed money through promissory notes from Master Video Poker, Inc. (hereinafter referred to as “MVP”), a company later acquired by Lucky Coin, for video poker gaming devices used in JOD. The video poker gaming devices were operated by Lucky Coin. Mr. Jaume acquired stock in JOD through a stock purchase agreement and was the sole stockholder in JOD. The debts owed to MVP by JOD in the amount of $90,000.00 were included in the stock purchase agreement.
Subsequent to Mr. Jaume’s stock purchase, he and JOD borrowed money through multiple promissory notes from Lucky Coin for the video poker gaming | ^devices. JOD borrowed the following amounts from Lucky Coin through promissory notes: $15,000.00 with no interest on November 27, 2006; $1,942.00 with ten percent interest on February 7, 2007; $1,948.00 with ten percent interest on *1001 March 16, 2007; $17,638.75 with no interest on April 2, 2007; and $2,000.00 with no interest on September 24, 2008. Each of the promissory notes was signed by Mr. Jaume on behalf of JOD and as a personal guarantor. Above each of the signature lines in the promissory notes stated the following language: “The undersigned agree[s] to be liable in solido and as personal guarantor on the indebtedness reflected in this demand note.” On August 13, 2008, $25,000.00 of JOD’s debt to Lucky Coin was transferred to another company owned by Mr. Jaume.
Payments on the promissory notes were made by Defendants either directly or through the withholding of video poker revenues. Payments continued at $300.00 per week through September 16, 2010. Afterwards, sporadic payments averaging $161.03 were paid over the next 12 months. The last payment made on behalf of JOD in the amount of $400.00 was made on September 7, 2011.
On March 13, 2012, Lucky Coin filed a Petition for Monies Owed against JOD and Mr. Jaume. A trial on the merits was held on August 23, 2013, and the matter was taken under advisement. On September 23, 2013, the trial court rendered a judgment in favor of Lucky Coin for $47,181.98 together with interest from the date of judicial demand, attorney’s fees and court costs. The trial court found that Mr. Jaume was liable for the debt in solido with JOD. The trial court held that the amount owed was one consolidated and continuing debt, and the payments were accounted for in due course against the entire debt. The trial court also found that none of the claims for the promissory notes was prescribed, and the |4notes in the amounts of $1,942.00 and $1,948.00 had been paid in full. Defendants filed the instant appeal from that judgment.
ASSIGNMENTS OF ERROR
On appeal, Defendants allege the trial court erred by 1) failing to find the debts were prescribed, 2) finding that the amount owed was one consolidated and continuing debt, 3) finding that Mr. Jaume is liable in solido with JOD, and 4) failing to individually calculate the debt, the interest, and the payments.
LAW AND ANALYSIS

Prescription of Debts

Defendants allege the trial court erred in failing to sustain their peremptory exception of prescription and subsequently dismissing the prescribed debts. Defendants argue that the promissory notes dated November 27, 2006 and February 7, 2007 are prescribed because, more than five years had lapsed on the debts before Lucky Coin filed its March 13, 2012 lawsuit.
Lucky Coin maintains the trial court was correct in its finding that the debts were not prescribed because payments on the notes were applied to the debts as a whole. Lucky Coin further contends that because Mr. Jaume continued to make payments on the debt incurred by JOD through September 7, 2011, the promissory notes are not prescribed because the lawsuit was filed well within the five-year prescriptive period.
Actions on instruments, whether negotiable or not, and on promissory notes, whether negotiable or not, are subject to a liberative prescription of five years. La. C.C. art. 3498. The prescription period commences to run from the day payment is exigible. Id. Acknowledgement of a debt or obligation interrupts prescription and erases the time that has accrued, with prescription commencing anew from the date [ sof interruption. Babin v. Babin, 08-776 (La.App. 5 Cir. *1002 3/10/09); 10 So.3d 784, 786, writ denied, 09-0813 (La.6/19/09); 10 So.3d 735.
In reviewing a peremptory exception of prescription, an appellate court will review the entire record to determine whether the trial court’s finding of fact was manifestly erroneous. Babin, 10 So.3d at 785. On the trial of a peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La. C.C.P. art. 931. If evidence is introduced in support or contravention of the exception, the ruling on the exception of prescription is reviewed by an appellate court under the manifest error standard of review. Alvarez v. Southeast Commerical Cleaning, LLC, 13-657 (La.App. 5 Cir. 2/26/14); 136 So.3d 329, 333. If no evidence is introduced, the appellate court’s role is to determine whether the trial court’s ruling was legally correct. Id. Generally, the burden of proof lies with the party pleading the exception of prescription. Id. It is only when the petition is prescribed on its face that the burden shifts to the plaintiff to show that the action has not prescribed. Id. The standard controlling review of a peremptory exception of prescription requires that this Court strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished. Babin, supra.
In the case at bar, the claims for the promissory notes of November 27, 2006 and February 7, 2007 are prescribed on the face of the petition. Thus, the burden shifted to Lucky Coin to prove that those claims were not prescribed. At trial, Lisa Rogers, the accounting manager for Lucky Coin, testified that all of the promissory notes were accounted for as one debt, and the payments were applied to the oldest note. Lucky Coin also presented ledgers reflecting the payments by JOD that ended on September 7, 2011.
| fiFrom the evidence presented, we cannot find the trial court was manifestly erroneous in finding none of the debts claimed by Lucky Coin was prescribed. The payments of the debts owed by JOD through September 7, 2011 interrupted prescription. When Lucky Coin filed its petition on March 13, 2012, the five-year prescription period had not lapsed. Thus, the November 27, 2006 and February 7, 2007 promissory notes were not prescribed.

Consolidated Debts

Defendants allege the trial court erred in finding that the amount owed was for one consolidated and continuing debt. Defendants claim that no evidence was presented to prove the debts were ever consolidated. As such, Defendants contend the promissory notes should be declared as separate debts.
Lucky Coin maintains the debts for JOD were accounted for in globo, and the payments were credited in due course against the entire debt. Lucky Coin avers that, once a payment is attributed or applied against a particular debt, Defendants cannot now require that the payment be applied differently. Lucky Coin also maintains that Defendants consented to and ratified the debts sued upon and the methodology of the payments. Thus, Lucky Coin avers the trial court was proper in finding the amount owed was one consolidated and continuing debt.
An obligor who has accepted a receipt that imputes payment to one of his debts may no longer demand imputation to another debt, unless the obligee has acted in bad faith. La. C.C. art. 1867.
During trial, Ms. Rogers testified the payments, on the debts owed by Defendants were applied to the oldest promisso *1003 ry note. She also affirmed that all of the promissory notes were accounted for as one consolidated debt. Accounting ledgers were entered into evidence to support Ms. Rogers’ testimony that payments were applied to a consolidated and continuing debt. Defendant failed to put forth [7any evidence that showed the payments were to be imputed to the separate promissory notes. Therefore, we do not find the trial court erred in finding that the amount owed by Defendants was for one consolidated and continuing debt.

Solidary Liability

Defendants allege the trial court erred in finding that Mr. Jaume is liable in solido with JOD for the remaining debts owed. Defendants argue that Mr. Jaume did not sign all of the promissory notes as a personal guarantor and should be not be held liable with JOD for the other notes. Defendants contend the evidence presented at trial proves that the promissory notes Mr. Jaume personally guaranteed were paid in full; thus, he is not solidarity liable with JOD for the remaining debts.
Lucky Coin avers Defendants were the makers of the promissory notes and Mr. Jaume had the authority to sign the notes on behalf of himself and JOD. Lucky Coin also avers that the language of the promissory notes and the words “in solido ” under Mr. Jaume’s signature line prove he was solidarity liable for the debt. As such, Lucky Coin asserts the trial court properly concluded Mr. Jaume was liable in solido with JOD.
An obligation is solidary for the obligors when each obligor is liable for the whole performance. La. C.C. art. 1794. Solidarity of obligation shall not be presumed. La. C.C. art. 1796. A solidary obligation arises from a clear expression of the parties’ intent or from law. Id.
A contract of guaranty is equivalent to a contract of suretyship, and the two terms may be used interchangeably. N.E.N.H, L.L.C. v. Broussard-Baehr Holdings, L.L.C., 13-893 (La.App. 5 Cir. 5/14/14); 142 So.3d 91, 94, writ denied, 14-1183 (La.9/19/14); 149 So.3d 247. A suretyship is an accessory promise by which one binds himself for another already bound and agrees with the creditor to Issatisfy the obligation if the principal debtor does not do so. Id. An agreement of suretyship must be express and in writing and must be explicit.
Here, each of the promissory notes was signed by Mr. Jaume as a personal guarantor. As such, Mr. Jaume was bound to satisfy the debts owed to Lucky Coin through the promissory notes. Mr. Jaume’s personal guaranty made him solidarity liable with JOD to Lucky Coin for the payment of the notes. Additionally, per the “in solido ” language used in the agreement, it is clear that Mr. Jaume intended to be held liable in solido with JOD. Therefore, we do not find the trial court erred in finding Mr. Jaume liable in solido for the debt of JOD.

Calculation of Award

Defendants allege the trial court erred in failing to individually calculate the debts, the interests and the payments. Defendants maintain the payments must be imputed to the debt that is most burdensome to the obligor. Since the trial court found the promissory notes to be one consolidated and continuing debt, Defendants argue the ruling does not accurately reflect the evidence and status of the payments in reference to each defendant. Defendants contend there was no evidence presented that showed the meeting of the minds as to how the payments were to be applied, and that Mr. Jaume understood the payments were to be paid against the debt which he personally guaranteed. Defendants further argue the debts personally guaranteed by Mr. Jaume should have *1004 been paid first, resulting in the claims against Mr. Jaume being dismissed.
Lucky Coin asserts the award was properly calculated because the payments were applied to the most burdensome debt of the debtor, JOD. Lucky Coin argues that payments cannot be imputed in a manner that is most beneficial to the guarantor, Mr. Jaume, instead of the debtor.
La. C.C. art. 1868 provides,
LWhen the parties have made no imputation, payment must be imputed to the debt that is already due. If several debts are due, payment must be imputed to the debt that bears interest. If all, or none, of the debts that are due bear interest, payment must be imputed to the debt that is secured. If several unsecured debts bear interest, payment must be imputed to the debt that, because of the rate of interest, is most burdensome to the obligor. If the obli-gor had the same interest in paying all debts, payment must be imputed to the debt that became due first. If all debts are of the same nature and became due at the same time, payment must be proportionally imputed to all.
As mentioned earlier, Ms. Rogers testified that Defendants’ payments were applied to the oldest debt. Defendants failed to present any evidence to prove how the payments were to be imputed. In its judgment, the trial court found that the promissory notes in the amount of $1,942.00 and $1,948.00, the two notes bearing interest, were paid in full. The trial court then found that the remaining debt owed by Defendants, which bore no interest, totaled $47,181.98.
Pursuant to La. C.C. art. 1868, we find the trial court properly imputed the payments to the debts in the correct order. The payments were applied to interest bearing debts first and were subsequently applied to the debts that were already due. Thus, we find no merit to Defendants’ claims. Therefore, we do not find the trial court erred in the calculation of the award.
DECREE
For the foregoing reasons, the September 23, 2013 judgment of the trial court is affirmed. Defendants, J.O.D., Inc. d/b/a The Bar and Jason Jaume, are assessed the costs of this appeal.

AFFIRMED.