812 So.2d 764 (2002)
Donna SEITZ
v.
Jean SCOFIELD.
No. 01-CA-1295.
Court of Appeal of Louisiana, Fifth Circuit.
February 26, 2002.
Writ Denied May 24, 2002.
*766 William G. Argeros, John B. Noble, Metairie, LA, for Donna Seitz, Plaintiff-Appellant.
Carl R. Danna, Law Offices of Harold F. Toscano, New Orleans, LA, for Jean Scofield, Defendant-Appellee.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CHEHARDY, Judge.
In this personal injury action, after trial, the jury found that Jean Scofield was negligent but that her negligence was not the proximate cause of the plaintiff's back injury. The plaintiff, Donna Seitz, appeals. For the foregoing reasons, we affirm the decision of the trial court.

Facts and Procedural History
May 28, 1999 was Ariel Seitz's last day of fourth grade. She was a student at St. Philip Neri School in Metairie and classes were dismissed at 11:30 a.m. that day. At that time, her father, Axel Seitz, and her maternal grandmother, Jean Scofield, enjoyed joint custody of Ariel.
On the last day of school, Donna Seitz, Axel's wife and Ariel's step-mother, called the office at St. Philip Neri to say that she would be picking Ariel up from school that day as directed by the court-ordered custody agreement. She also informed the school secretary that she had telephoned for a deputy from the Jefferson Parish Sheriff's Office to meet her at the school to avoid any trouble that might arise.
Immediately, the school secretary called Jean Scofield to report Seitz's telephone call. Jean Scofield telephoned her attorney and drove to the school. At that time, Scofield was under the mistaken impression that custody did not revert to Mr. Seitz until 3:30 p.m. and had planned to pick Ariel up from school that morning.[1]
When Deputy Haase of the Jefferson Parish Sheriff's Office arrived at the school, both women were already in the parking lot. Conveniently, Donna Seitz had a copy of the court order with her that day. After examining the court order, Deputy Haase determined that Donna Seitz was allowed to take Ariel. As Donna walked with Ariel toward her car, Jean Scofield requested that she be allowed to take Ariel's school backpack home with her since she had paid for the bag and the school and since Ariel's report card and standardized test scores were in the backpack.
Accounts of the ensuing "altercation" differ. Over the course of the litigation, *767 Donna Seitz reported that, during the alleged altercation, Jean Scofield shoved her from behind, jerked the backpack from Ariel's back, then swung the backpack to hit Seitz in the shoulder. She also stated that Scofield shoved her from behind then reached over her back to grab the backpack from Ariel's back.[2] Further, Seitz told her family physician that she was injured when her step-daughter's grandmother "tried to wrestle the schoolbag away from her."
Jean Scofield testified, however, that she was facing Seitz when she removed the backpack from Ariel's back. She adamantly denied touching Seitz with the backpack; in fact, she testified that Seitz grabbed the backpack after Scofield was holding it and Seitz forcefully attempted to "yank" the bag out of Scofield's hands by twisting and pulling the bag. Further, it is uncontroverted that Seitz did not fall as a result of the alleged incident nor did she experience any bruising or other abrasions.
Immediately after the "altercation," Seitz reported the alleged incident to Deputy Haase, who investigated. Although there were several people standing in the parking lot of the school, no one remembered seeing the alleged incident. At trial, Ariel testified that she did not see any type of altercation between her grandmother and her step-mother. At Seitz's insistence, Haase, however, cited Scofield for simple battery that day. That charge was later dropped.
That day, after Seitz dropped Ariel off at home, she returned to work as a hair-dresser at Supercuts. Later that evening, she began to experience muscle pain in her lower back, which she treated with over-the-counter medication and heating pads until she could see her family doctor. After about one week, she developed discomfort in her left leg as well as numbness in her left foot.
On June 9, 1999, she visited her family physician, Dr. Russ, who prescribed medication and therapeutic exercises. When Seitz did not experience relief, her family doctor ordered an MRI and referred her to a neurosurgeon, Dr. Lucien Miranne. On July 2, 1999, Dr. Miranne examined Seitz as well as films of her MRI, diagnosed a herniated L5-S1 disk and recommended surgery.
On September 22, 1999, Donna Seitz filed suit against Jean Scofield[3] alleging that Scofield had injured Seitz's shoulder and back when Scofield struck Seitz with Scofield's grandchild's backpack on May 28, 1999. On December 14, 1999, Dr. Miranne performed a lumbar microdiskectomy on Seitz. Dr. Miranne testified that a herniated disk can be caused by pressure on the disk created by a pulling or twisting motion or a push from behind.
On May 2, 2001, after a three-day trial, the jury returned a verdict, by a vote of 9-3, that Scofield was negligent but that her negligence was not the proximate cause of Seitz's injuries. Because the jury did not find that Scofield's negligence caused Seitz's injury, it awarded no damages to Seitz. On May 21, 2001, the trial court rendered judgment in accord with the jury's verdict.
*768 On May 25, 2001, Seitz moved for judgment notwithstanding the verdict or, in the alternative, for new trial. On July 12, 2001, the trial court denied both motions. Seitz now appeals both the original judgment and the judgment denying her posttrial motions.
In her appellate brief, Seitz asserts four assignments of error: the jury erred in failing to apply Housley v. Cerise after being properly instructed by the trial judge; the jury erred in failing to award damages; the trial judge erred in failing to grant a judgment notwithstanding the verdict; and the trial judge erred in failing to grant a new trial. The central issue presented on appeal is whether the jury's finding that Scofield's negligence was not the proximate cause of Seitz's injuries was clearly wrong.
In her first assignment of error, Seitz contends that the jury was clearly wrong in failing to apply the principle set forth in Housley v. Cerise, 579 So.2d 973, 980 (La. 1991). In Housley v. Cerise, the Louisiana Supreme Court, citing Lucas v. Insurance Company of North America, 342 So.2d 591 (La.1977), stated:
[a] claimant's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.
579 So.2d at 980.
Importantly, in Cooper v. United Southern Assur. Co., 97-0250 (La.App. 1 Cir. 9/9/98), 718 So.2d 1029, the First Circuit noted:
This [Housley] presumption is rebuttable, and the causal link can be broken if the opposition successfully rebuts plaintiffs evidence. The issue of whether plaintiff is entitled to the benefit of this presumption is factual and is subject to the manifest error standard of review. If the jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse. Consequently, when there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong.
Id. at 1041. (Citations omitted). (Emphasis added).
Further, our entire review is constrained by the manifest error standard, which demands that findings of fact by the trial court be given great deference and disturbed only when clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989).
Appellate courts have recognized that "[t]he reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts." Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973).
Our review of the entire record indicates that the jury may have concluded that Donna Seitz was not in good health prior to the alleged incident and, thus, was not entitled to the presumption that her disability resulted from the incident in *769 question. The record reveals that Donna Seitz was involved in a serious automobile accident in 1994. Although she initially denied involvement in the accident, Donna Seitz later admitted that she was in an automobile accident in 1994 during which the vehicle that she was driving flipped. She received treatment in the emergency room after that accident but denied that she was injured in that accident. Moreover, Donna Seitz weighed approximately 200 pounds at the time of the alleged incident and had recently given birth to her second child within three years, which could explain the strain on her lumber disk. Therefore, if the jury concluded that Donna Seitz was not in good health prior to the alleged incident, we find no manifest error in that determination.
Furthermore, where there is conflict in the testimony, as in this case, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. At trial, the jury saw medical notes from an emergency room visit by Seitz on November 12, 1999, several months after the alleged incident, that indicated that Seitz presented with complaints of "pain to the low back, onset 10/31, no recent trauma." (Emphasis added).
In addition, the jury may have found Seitz's testimony lacked credibility. At trial, Seitz initially testified that she did not have a criminal record. On cross examination, the defense, however, presented a certified copy of Seitz's guilty plea to interference with child custody (in a separate custody dispute with her ex-husband over their minor son), a violation of La. R.S. 14:45.1. The plea was entered on September 25, 1995 and, as a result of the plea, Seitz was sentenced to six months in parish prison, suspended, and placed on six months active probation.[4] Further, the defense also submitted a certified copy of a judgment dated July 31, 2000 holding Seitz in contempt of court because she violated court-ordered injunctions against harassing her ex-husband and ex-in-laws. Seitz was sentenced to fifteen days in parish prison, suspended, and fined $200.00, suspended.
It is well settled that findings of fact by the trial court are given great deference and disturbed only when clearly wrong. We cannot say that the jury's determination in this case was clearly wrong and, thus, will not disturb its findings of fact. Because we find that the jury's determination of causation was not in error, we will not address Seitz's second assignment of error, the jury's failure to award damages in this case.
In her third and fourth assignments of error, Seitz argues that the trial judge erred in denying her motion for judgment notwithstanding the verdict and her motion for new trial.
A judgment notwithstanding the verdict ("JNOV") is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. If there is evidence *770 opposed to the motion which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied. Anderson v. New Orleans Public Service, Inc., 583 So.2d 829, 832 (La.1991). Refusal to render a judgment notwithstanding the verdict (JNOV) can only be overturned if it is manifestly erroneous. Delaney v. Whitney National Bank, 96-2144, 97-0254 (La. App. 4 Cir. 11/12/97), 703 So.2d 709, writ denied, 98-0123 (La.3/20/98), 715 So.2d 1211.
In this case, we have already concluded that the jury's finding was not clearly wrong. Further, viewing the record in its entirety, we cannot say that the jury's conclusion was unreasonable. Therefore, we cannot say that the trial court's refusal to grant the plaintiff's motion for judgment notwithstanding the verdict was manifestly erroneous.
Finally, granting or denying a motion for new trial rests within the wide discretion of the trial court and its determination shall not be disturbed absent an abuse of that discretion. Lambert v. State Through Dept. of Transp. & Development, 96-160 (La.App. 5 Cir. 10/16/96), 683 So.2d 839, 845. We find no abuse in the trial court's denial of plaintiffs motion for new trial. Accordingly, we find that plaintiffs third and fourth assignments of error lack merit.
In conclusion, we affirm the jury verdict and the trial court's denials of the Judgment Notwithstanding the Verdict and, alternatively, Motion for New Trial. The costs of this appeal are taxed to Seitz.
AFFIRMED.
NOTES
[1] A copy of the court order in effect at the time was introduced at trial, which indicated that custody reverted "after school" and "after Girl Scouts" every other Friday.
[2] At trial, evidence was introduced that Seitz was approximately 5'9" or 5'10" tall and weighed approximately 212 pounds on the day of the incident. Further, Jean Scofield was about 5'5" or 5'6" and weighed between 130 and 138 pounds on that date.
[3] On December 16, 1999, Seitz amended her petition to include Scofield's insurers, Markel Insurance Company and Allstate Insurance Company. Before trial, Seitz dismissed Markel Insurance Company with prejudice. Markel Insurance Company is not a party to this appeal.
[4] Among other conditions of probation including a fine, Seitz was ordered to enroll in a substance abuse program. At trial, Seitz denied pleading guilty and further indicated that she did not understand that she had been placed on probation or ordered to enroll in substance abuse program.